THE STATE *v.* JACKSON.

An indictment against a person for selling spirituous liquors to an Indian, cannot be objected to merely because the name of the Indian is not inserted, if the indictment state that the name is unknown to the jurors.

4b 49
152 654
152 655

ERROR to the *Allen* Circuit Court.

*Friday,
May 29.*

BLACKFORD, J.—Indictment against the defendant for selling spirituous liquors to an Indian. The indictment was quashed on motion of the defendant.

The indictment contains several counts. One of the counts states that the jury on their oath find,—That the defendant, (naming him,) on, &c. at, &c. (stating the time and place,) sold and disposed of a quantity of spirituous liquor, to wit, a pint of whiskey of the value of 10 cents, to an Indian of this state, of the Miami nation of Indians, the name of which said Indian, to the jurors aforesaid is wholly unknown, contrary to the form of the statute and against the peace of the state.

We are at a loss to conceive what objection could be taken to this count of the indictment. The statute of 1832 states the offence described in the indictment to be an indictable one (1). Perhaps it may have been supposed that the name of the Indian should have been stated. The indictment, however, states the name to have been unknown to the jury, which is a sufficient reason for not inserting the name. An

7

May Term, 1835.

indictment for the murder of a stranger, or for larceny from the person of a stranger, stating the name to be unknown to the jury, cannot be objected to because the name of the stranger is omitted. Archbold's Crim. Pleading, p. 11. We see no objection to the count to which we have referred; and the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Herod*, for the state.
*D. H. Colerick*, for the defendant.

(1) Accord. Rev. Stat. 1838, p. 223.