## HOLLAND et al. *versus* THE STATE.

### QUESTIONS IN THIS CASE.

*Relative to the reference of novel and difficult questions.*

*As to words in an indictment for playing at cards.*

1. The power of referring novel questions of law to the Supreme Court, is discretionary with the Court below; and this Court will, in adjudicating such questions, look alone to the point referred.
2. An indictment, under the act of 1828, for playing at cards, is sufficient, without setting out that it was *a* game, with cards.

This was an indictment tried in Jackson Circuit Court, in which the defendants were convicted, under the act of 1828, on the subject of gaming.

The indictment charged, that the defendants *played at cards:* and it was contended, that it was bad, in as much as it did not aver the playing at a *game*, with cards.

On this point the case was referred, by the presiding judge, to this Court; where *Parsons* insisted, on the part of the defendants, upon three points:

First—The insufficiency of the indictment.

Second—On opening the whole record, so as to take advantage of other points in the case, not referred.

Third—On the right, in such a case, to a writ of error.

*The Attorney General, contra.*

HOLLAND et al. *vs.* THE STATE.

HOPKINS, J.—This was an indictment against the plaintiffs, for playing at cards, in a highway. The verdict of the jury was, that they were guilty. The reason assigned in support of a motion, which they made in arrest of judgment, was, that the indictment did not aver that they played at a *game*, with cards, but charged, only, that they played at cards.

Upon the hearing of the motion, the Circuit Court permitted the judgment, upon the verdict, to stand against them, and referred the question, which arose out of the motion, to this Court, as a novel and difficult one; but suspended the operation of the judgment, until the opinion of this Court, upon the point, could be obtained.

The counsel for the plaintiffs asserts, that they are entitled to a writ of error upon the judgment; and though one was not sued out, he claims it as their right, upon the reference to present, for our consideration, any point of which we could take notice, upon an assignment of error, if the case had been brought into this Court by a writ of error.

We shall determine nothing as to their right to a writ of error in the case, because there is no such question; and we think our examination must be confined to the single point, which was referred.— The power of the Circuit Courts to refer questions to to this Court, is discretionary. If a reference should be asked by either party, and improperly refused, there would be no remedy. Such a reference may be made without, as well as upon the request of either party:

The reference contains no allegation of either party, that there is error in the record; but it implies

the doubt of the Court, of the correctness of its decision upon the point referred : and, the sole object of it, is to have the question submitted, settled by this Court.

A writ of error makes the parties to a cause, brought by it into an appellate Court, parties to every question which, upon an assignment of errors, arises out out of the record ; but a reference can make them parties here, to no other question than that submitted by it.

The statute which is relied upon to sustain the indictment in this case, makes the playing by any person at a game, with cards or dice, (in a highway and other places, specified in the act,) an offence, and subjects any person who may be convicted of it, upon an indictment, to a judgment for a fine of not less than twenty, nor exceeding fifty dollars.

The statute enacts, also, that in an indictment for the offence, it shall be sufficient to charge, that the person offending, did play at cards, (or dice, as the case may be,) in some of the places specified in the act, without stating what description of game, or without stating that money, or any other thing was bet upon the event of the game ; and, upon making proof of the charge required by the statute, it shall be considered that the offence is made out, without proving what the game was, or is called, or without proving that any thing was bet upon the event of such game. The charge in this indictment is such an one as the statute requires.

But, the counsel for the plaintiffs maintains, that because the statute makes the offence consist in playing at a game, with cards, every word used in the

act, to describe the offence must be employed in the indictment, to charge the commission of it.

The framers of the statute must have intended the same thing by the words, in which the act requires the charge to be made, that they meant by the words used to describe the offence, or they would not have enacted, that a charge and proof of playing at cards, should subject the accused person, to a conviction of the offence of playing at a game with cards. We think the meaning of the words in which the charge is made, and that of the words used in describing the offence, is the same.

Before the statute, it was necessary to state, in the indictment, the particular game with which the accused was charged with playing; and, if the evidence did not show, that the particular game had been played, there could be no conviction. It was much more difficult to offer evidence of the particular game, than to prove that a game had been played, and many acquittals of the guilty were the consequences of the rule.

Good policy required, that persons should be prohibited from playing at cards, in places where others might witness, and be injured by their example.

As it would be difficult to prove what game was played, or that money was won and lost, the statute requires proof of niether. As there might be evidence to prove only that persons played at cards, and that the witnesses supposed, but did not know, they played some game, all the difficulties in bringing such offenders to punishment would not have been removed, unless the statute had made a charge and

proof of playing at cards, sufficient to authorise a conviction.

The statute applies only to the part of the indictment, in which the charge of the offence is made. All the other parts should be, now, as the similar parts of such an indictment ought to have been, before the statute.

We are all of opinion, the judgment ought to be affirmed. · Let the judgment of this Conrt be certified to the Circuit Court of Jackson County.