May Term,
1840.

BUTLER *v.* THE STATE.

BUTLER
v.
THE STATE.

An indictment for gaming must state the name of the person with whom the defendant played, or allege his name to be unknown.

*Thursday,*
*May 28.*

ERROR to the *Vanderburgh* Circuit Court.

BLACKFORD, J.—Indictment for gaming. Plea, not guilty. Verdict and judgment for the state.

The indictment is objected to, because it neither names the person with whom the defendant played, nor states his name to be unknown. Mr. *Chitty's* language on this subject is as follows: "It is, in general, necessary to set forth the names of third persons with sufficient certainty; and, therefore, it seems to be generally agreed at this day, that an indictment for suffering divers bakers to bake, &c. against the assize, when that offence was indictable, or for distraining divers persons without just cause, or for taking divers sums of money of divers persons for toll, cannot be supported. There are indeed some cases, in which the names of third persons cannot be ascertained, in which it is sufficient to state 'a certain person or persons to the jurors aforesaid unknown' . . . . . But these cases are exceptions to the general rule." 1 Chitt. Crim. Law, 211. The law is also so stated in 2 Hawk. 231, and in 3 Bac. Abr. 558.

This language of the books settles the case before us. If an indictment for taking tolls of divers persons cannot be supported, unless their names be inserted or stated to be unknown,—an indictment for gaming must be bad, unless the name of the person played with be set out or alleged to be unknown.

We have heretofore decided, that an indictment for retailing spirituous liquors without license, must state the name of the person to whom the sale was made, or state his name to be unknown. *The State* v. *Stucky,* 2 Blackf. 289.— *The State* v. *Jackson,* 4 idem, 49. In *Virginia,* it is true, it is decided that the name of the purchaser in such case need not be alleged. *Hulstead* v. *The Commonwealth,* 5 Leigh, 724. The reason given by the Court for that opinion is, that the purchaser is not injured by the offence. We conceive, however, that the third person's name is required in such cases,

not because he is injured, but because his designation is a material part of the description of the offence. There is an *Ohio* case which accords with our opinion of the law. It is there held, that an indictment against a person for permitting gambling in his house, should give the names of the offenders, or state their names to be unknown. *Davis* v. *The State*, 7 Hamm. 204.

We think it is important in such cases, that the indictment should, if possible, allege the name of the third person, in order that the accused may be the better apprized of the charge against him. . If the name be not known, that circumstance should be stated in the indictment as an excuse for omitting the name (1).

*Per Curiam.*—The judgment is reversed.

*J. Pitcher*, for the plaintiff.

*W. J. Peaslee*, for the state.

      (1) Vide *The State* v. *Maxwell*, ante, p. 230.