J. L. Groner *vs.* the State of Florida.—Statement of Case.

|   |   |
|---|---|
| 6 | 39 |
| 29 | 523 |

|   |   |
|---|---|
| 6 | 39 |
| 39 | 446 |

| 6 | 39 |
|---|---|
| 47 | 90 |

JACOB L. GRONER, APPELLANT VS. THE STATE OF FLORIDA, APPELLEE.

1. In an indictment for gaming, it is unnecessary to state the name of the game played or bet upon.

2. An allegation that it was at " a certain game of cards " is sufficient.

3. The name of the person with whom the bet was made must be stated, or it must be alleged that such person was to the jurors unknown.

4. The common law declares that an indictment for an offence against the Statute, must with certainty and precision charge the defendant to have committed or omitted, the acts under the circumstances, and with the intent mentioned in the Statute.

5. The place was sufficiently stated, by saying (after stating the venue,) in the County of Leon, and at a certain game of cards.

The appellant was indicted and convicted for playing at a certain game at cards. The indictment alleged that Ja-

cob L. Groner unlawfully, &c., "did play and bet at a certain gaming table, then and there being, at a certain game at cards for the purpose of winning or losing money, against the form of the Statute," &c.

A motion was made in arrest of judgment on the ground that the first count in the indictment on which alone the defendant was convicted, does not state the place, the name of the game, the name of the person with or against whom the defendant played, or give any excuse for not giving such name. The motion was overruled and defendant appealed.

*J. T. Archer & A. L. Woodward,* for Appellant.

*M. D. Papy,* Attorney General, for the State.

DOUGLAS, J., delivered the opinion of the Court.

The appellant was indicted and convicted for playing at a certain gaming table, at a certain game of cards. A motion was made in arrest of judgment on the following grounds, to wit:

*Because,* the first count in the indictment on which alone he was convicted, does not state the place, the name of the game, the name of the person with, or against whom the defendant played, or give any excuse for not giving such name. This motion was overruled and a judgment entered, from which defendant appealed to this Court. The case was argued mainly upon the *last* ground taken in arrest of judgment, and rightly so, for the *first* and *second* were untenable. The place being we think sufficiently stated, viz: "in the County of Leon, at a certain gaming table." The name of the game, it was unnecessary to State ; it is alleged to have been "a certain game of cards." This we deem sufficient. In the State vs. Bougher, 3 Blackf., 307, and the State vs. Maxwell, 5 Blackf., 230, which were in-

dictments for gaming, it was so held.   It was also objected to the indictment in the latter case, that the name of the person with whom the bet was made is not given.   This objection the Court held was not tenable, because there are cases in which the name of a third person cannot be ascertained, and in any such case it is (says that Court,) sufficient to state that such person was to the jurors unknown; and see Chitty's Criminal Law, 213—(*and authorities there cited.*)

In the case of the State vs. Stackey, 2 Blackf., 289, and the State vs. Jackson, 4 Blackf., 49, which were for retailing spirituous liquors without a license, the Court held that the indictment must state the name of the person *to whom the sale was made,* or state his name to be unknown.

In the case of Butler vs. the State, 5 Blackf., 280, it was held that " an indictment for gaming must state the name of the person *with whom defendant played,* or allege the name to be unknown.   In this case, the Court cite that of Halstead vs. the Commonwealth, 5 Leigh's Virg. Reps., 724, which was for selling spirituous liquors, in which it was decided that the name of a purchaser in such a case need not be alleged, and remark that the reason given by the Court for that opinion is, that the purchaser is not injured by the offence.   We conceive, however, (says the Supreme Court of Indiana,) that the third person's name is required in such cases, not because he is injured, but because his designation is a material part of the description of the offence ; and that Court might with propriety have added, that even if the reason given by the Virginia Court was a sound one as to the purchaser of ardent spirits, it does not apply in a case of gaming, for there the injury to the person betting was the very evil against which

the Statute was intended to provide. In the case of Davies vs. the State, 7 Ham. Ohio Reps., 204, it was held that, " an indictment against a person for permitting gambling in his house should give the names of the offenders or state their names to be unknown, and this case is fully sustained by that of Buck vs. the State of Ohio, 1 McCook's Reps., 61, which was also an indictment for gaming. In the case of Butler vs. the State before cited, the Court say, " we think it important in such cases, that the indictment should if possible, allege the name of the third person, in order that the accused may be better apprized of the charge against him. If the name be not known, that circumstance should be stated in the indictment as an excuse for omitting the name." This seems to us a reasonable rule, and we believe it generally prevails, although it has been relaxed by Statute in some of the States, and especially in Alabama, as appears by the cases of Holland, et al. vs. the State 3 Porter, 295, and Coggins vs. the State, 7 Porter, 264, cited by the Attorney General.

In the first the Court say: "*before the Statute* it was necessary to state in the indictment the particular game which the accused was charged with playing ; and if the evidence did not show that the particular game had been played, there would be no conviction,"—a greater degree of strictness than we require.

In the last case, Collier, C. J., said, " the first question raised was brought directly to the view of the Court in the case of the State vs. Holland, et al., 3 Porter, 292. There the indictment charged the defendant with playing *at cards* and the Court determined that it was in conformity *with the Statute which prescribes the requisites.*" Our Statute prescribes *no such requisites,* but leaves the indictment as at

common law, which declares that it must, for an offence against the Statute, with certainty and precision charge the defendant to have committed or omitted the acts under the circumstances, and with the intent mentioned in the Statute, and if any of these ingredients of the offence be omitted, the defendant may demur, move in arrest of judgment, or bring a writ of error, and the defect will not be aided by verdict.    2 East 333 ; Arch'd. cr. Law, 1 Ed., page 23.

The indictment must be certain as to the person against whom the offence was committed.    Ibid, Ed., 1840, page 27.    Also as to the facts and circumstances, and intent constituting the offence.    Ibid, 38.    The circumstances must be stated with such certainty and precision that the defendant may be enabled to judge whether they constitute an indictable offence or not, in order that he may demur or plead to the indictment accordingly.    Ibid, 39 ; and that there may be no doubt as to the judgment which should be given if the defendant should be convicted, Ibid, and Rex vs. Horne, Cowper 675 ; and that he may be enabled to plead a conviction or acquittal upon this indictment in bar of another prosecution for the same offence. The King vs. Mason, 2 Term Reps., 581.    The King vs. Manoz, 2 Strange, 1127.

The Statute of 18 Geo., 2, chap. 34, sec. 8, enacts that, " if any person shall win or lose at play or by betting at any one time the sum or value of ten pounds, or within the space of twenty-four hours the sum or value of twenty pounds, such person shall be liable to be indicted," &c.

The form of the indictment under the latter clause of that Statute as given by Archbold, after the usual commencement and stating the time and place, &c., runs thus:

"by playing at and with cards, to wit : at a certain game of cards called *rouge et noir*, with one J. N., unlawfully did win of the said J. N. at one time and sitting, above the sum and value of ten pounds, that is to say," &c. And the learned author says, " all that the prosecutor has to prove is, that J. S. won of J. N., at one sitting, a sum exceeding ten pounds, at the game specified in the indictment." Here again it will be observed that the prosecutor is held to greater strictness than we deem necessary ; that is, to prove the name of the game played. It is true that there is a class of cases where less precision is required, even in England, such as Barratry, Nuisance, Keeping a House of Ill Fame, Common Scold, &c., but these are exceptions to the general rule. Two cases somewhat akin in principle to these, were also cited on behalf of appellee, viz : the State vs. McCormack 2 Carter's Ind. Reps. 305, and Dormer vs. the State, Ibid, 308. The first was an indictment for keeping a gaming house. In these cases the salutary rule, that where a subject comprehends multiplicity of matter, and a great variety of facts, there, in order to avoid prolixity, the law allows general pleading, was applied ; but in the case of the State vs. Irwin, 5 Blackf., 343, it was held, that an indictment for unlawfully winning of several persons (naming them,) and *others*, a certain quantity of beef, &c., was bad for not naming *all* the persons with whom the bet was made, or stating that the names not given were unknown ; and the case of Ball vs. the State, 7 Blackf., 242, which was an indictment for gaming, is to the same effect. It seems, therefore, to be a well settled rule, sustained both by decided cases and elementary principles, that in such cases as the one before us, the name of the person with or against whom the defendant played or bet, should be stated or alleged to be unknown, unless indeed,

the rule has been relaxed by Statute, which is not the case in this State. It may not be improper for us to add, that we have looked into the Statutes of Indiana and Ohio, on the subject of gaming (the Statutes on which most of the cases cited are based,) and find them substantially the same as those of our State on the same subject. Let the judgment be reversed and the cause be remanded to the Court below for further proceedings not inconsistent with this opinion. *Per Totiam Curiam.*