## DARLING JONES *vs.* THE STATE.

1. Under an indictment for gaming, the defendant may be convicted on proof "that he and another each put up money and threw dice for it, by placing the dice in a box and throwing three times each, the one throwing the highest number taking the money"; although it is also shown " that the mode of procedure and of throwing the dice was the same as in the case of raffling for property."

APPEAL from the Circuit Court of Pickens.
Tried before the Hon. GEO. D. SHORTRIDGE.

ALEX. B. CLITHERALL, for the appellant.
M. A. BALDWIN, Attorney General, *contra.*

CHILTON, C. J.—The defendant was indicted for gaming at one of the places prohibited by law. It was proved, " that he and another, within twelve months before the finding of the indictment, at a store-house for the retailing of spirituous liquors in the county of Pickens, each put up money, and threw dice for it, by placing the dice in a box and throwing three times each,—the one throwing the highest number taking the money. It was shown, that the mode of procedure and of throwing the dice was the same as in the case of raffling for property." The court charged, that if the jury believed the evidence, the defendant was guilty ; and such is our opinion. It was a game played with dice in the strictest sense of the term, and, although conducted upon the principles of a raffle, it was not the latter. A raffle, it is true, is a game usually played with dice ; but in this, property or something of value is put up as the thing to be raffled for, the owner receiving the value in the sale of chances. Here the parties bet money upon throwing the dice, which money is to be won by the party throwing the highest number. Why the Legislature should virtually license by taxing the one, and condemn the other, is a question which addresses itself to the Legislature and not to the courts.

Judgment affirmed.