## THE STATE vs. ADAMS.

An indictment, charging that the defendant on a certain day, in the county where the indictment was found, "did then and there keep a public tavern, without having first procured a license from the County Court of his county," &c., is sufficient.

*Appeal from the Circuit Court of Johnson County.*

Hon. FELIX J. BATSON, Circuit Judge.

Mr. Attorney General JORDAN referred to *sec.* 23, *et seq.*, *ch.* 160, *Digest; Moffat vs. State,* 6 *Eng.* 169 ; *State vs. Eldridge,* 7 *Eng.* 608.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Adams was indicted in the Circuit Court of Johnson county, as follows : "The grand jurors, &c., &c., in and for the body of the county of Johnson, upon their oath, present that William Adams, on the 10th day of April, A. D. 1854, in the county aforesaid, did then and there keep a public tavern without having first procured a license from the County Court of his county for that purpose, against the peace and dignity of the State of Arkansas."

Upon the motion of the defendant, the indictment was quashed, but upon what ground does not appear from the record. The State appealed to this court.

The indictment was doubtless drawn under the *4th section of chapter* 159, *Digest*, which declares that "all persons keeping a public tavern, whether they retail spirituous or vinous liquors or not, shall first procure a license for that purpose from the County Court of his county."

The 5*th*, 6*th*, and 7*th sections* of the same chapter, prescribe regulations for the government of the county court in granting such license, and the 14*th section* fixes the penalty for the violation of certain provisions of the act, and among them the 3*d section*.

The indictment is drawn substantially in the language of the 3*d section*, which embraces in its terms, the material ingredients of the offence designed to be punished. *Gabe vs. The State*, 1 *Eng. R.* 519 *; Smith Bill vs. The State*, 5 *i b.* 536 *; Moffatt vs. State*, 6 *Eng.* 169 *; State vs. Eldridge*, 7 *i b.* 608.

The indictment charges that the defendant kept a public tavern in Johnson county, without procuring license from the County Court of "his county." If the word *said* had been used in place of the word *his*, the offence would have been charged with more technical certainty, but it follows the language of the statute, and we think is substantially good.

We are not aware that any serious doubts of the constitutionality of this statute are now entertained. See *Washington vs. The State*, 13 *Ark., p.* 760, 761.

Finding upon the record no substantial cause for quashing the indictment, the judgment is reversed, and the cause remanded for further proceedings, &c.