## HAWKINS *vs.* THE STATE.

[INDICTMENT FOR GAMING.]

1. *Raffling.*—A conviction cannot be had under an indictment for gaming, (Code, § 3243,) on proof that the defendant took a chance in a raffle regularly licensed and paid for.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. PORTER KING.

THE defendant in this case was indicted for gaming, and, on his trial, reserved the following bill of exceptions to the rulings of the presiding judge:

"The State proved, that one Whetstone, within twelve

months before the finding of the indictment, and in the county of Autauga, put up a small, fancy work-box, which he had for sale at his store, to be disposed of by a raffle; that the chances in the raffle were taken by several persons who were present, at one dollar per chance, and, amongst the number, by the defendant, who took one chance; that the raffle was conducted with dice, the party throwing the highest number with three dice being the winner; and that dice were the instruments most generally used in raffling. The proof further showed, that the tax assessed by law on the amount of said raffling had been assessed against, and paid by said Whetstone, pursuant to law. This was all the evidence in the cause; and thereupon the court instructed the jury, 'that if they believed all the evidence to be true, they must find the defendant guilty;' to which charge the defendant excepted."

WATTS, JUDGE & JACKSON, for the appellant.

M. A. BALDWIN, Attorney-General, contra.

A. J. WALKER, C. J.—The judgment in this case is reversed, and the cause remanded, on the authority of the following cases: Darling Jones v. The State, 26 Ala. 155; Allaire v. The State, 14 Ala. 435; Mosely v. The State, 14 Ala. 390.