# BRYANT vs. THE STATE.

[INDICTMENT FOR MURDER.]

1. *Execution of bill of exceptions.* — The term of the circuit court having expired by law at twelve o'clock on Saturday night, a bill of exceptions, signed by the presiding judge on the next morning, "before the verdict and judgment and sentence of the court, or either of them, had been entered on the minutes of the court, and before the minutes were signed," cannot be considered as having been signed during the term.

2. *Sufficiency of indictment in description of person slain.* — An indictment for the murder of "—— Butler, whose christian name is to the grand jury unknown," is sufficient under the provisions of the Code.

FROM the Circuit Court of Tuskaloosa.

Tried before the Hon. WM. S. MUDD.

THE indictment in this case was found at the March term, 1859, of said circuit court; and charged that Stephen A. Bryant and others, whose names were specified, "unlawfully and with malice aforethought killed —— Butler, whose christian name is to the grand jury unknown." The prisoners each pleaded not guilty, without raising any objection to the form or sufficiency of the indictment.

The jury returned a verdict of guilty against Stephen A.
Bryant, and not guilty as to the others. The record
contains a bill of exceptions, dated April 8th, 1860,
which purports to have been "signed and sealed by the
judge. before the verdict and judgment and sentence of
the court, or either of them, had been entered on the min-
utes of the court, and before the minutes were signed;" but
the decision of this court renders any further notice of it
unnecessary.

E. W. PECK, for the prisoner, argued the points pre-
sented by the bill of exceptions, and further contended,
that the indictment was fatally defective, because it did
not contain a sufficient description of the person slain;
citing to this point the following authorities: 1 Chitty's
Crim. Law, 174–5, 203, 215; Rex v. Mary Smith, 25 E. C.
L. 327; Russ. & Ryan, 489; 7 Iredell, 29; 1 Scammon, 399;
Francois v. The State, 20 Ala. 83; 1 Archb. Cr. Pl. 81, n. 1.

J. H. & P. A. FITTS, with whom was M. A. BALDWIN,
Attorney-General, contra.—1. The term of the court ex-
pired by limitation at twelve o'clock on Saturday night,
the 7th April.—Nabors v. The State, 6 Ala. 203. As the
bill of exceptions shows on its face that it was signed on
Sunday, the 8th April, it cannot be considered any part
of the record.—Code, § 2358.

2. The indictment is sufficiently certain under the pro-
visions of the Code.—24 Ala. 672; Code, § 3505.

STONE, J.—It was declared in the case of Nabors v.
The State, (6 Ala. 200,) and must be regarded as settled,
that the terms of our circuit courts expire at 12 o'clock of
the last Saturday night of the terms fixed by law.—See,
also, State, ex rel. Battle, 7 Ala. 259. It is also well set-
tled, (and we have no authority to disregard this statutory
rule,) that a bill of exceptions, not signed during the
term, or within ten days thereafter pursuant to consent
of counsel in writing, is not a part of the record. —Code,
§§ 2358, 3649; Shep. Digest, 435, § 4; Stein v. McArdle,
25 Ala. 561. Under these plain rules, we cannot look,

for any purpose, to what is claimed in this record as a bill of exceptions. This narrows our inquiry to what appears on the face of the indictment, as it is now presented.

[2.] The alleged defect in the present indictment, and which is pressed on our consideration for a reversal, is, that it does not sufficiently identify and describe the person alleged to have been slain. The indictment charges, that the defendant "killed —— Butler, whose christian name is to the grand jury unknown." In 2 Hale's Pleas of the Crown, 181, it is said: "An indictment of murder *cujusdam ignoti* is good."—See, also, Hawk. P. C. book 2, ch. 25, § 71; Whar. Am. Cr. Law, § 251; State v. Irwin, 5 Blackf. 343; Rex v. Mary Smith, 6 C. & P. 151; Reg. v. Campbell, 1 C. & K. 82; 3 Greenl. Ev. § 22. In the case of the State v. Jackson, (4 Blackf. 49,) the person was described as "an Indian of this State, of the Miami nation of Indians, the name of which said Indian to the jurors aforesaid is wholly unknown." So, in Reed v. The State, (16 Ark. 497,) the person slain was described as "a certain Wyandotte Indian, whose name is unknown to the grand jury." These averments were ruled sufficient. So, in Cameron v. The State, (13 Ark. 712,) the defendant was indicted for assaulting "one Rice, whose christian name is to the grand jurors aforesaid unknown;" and the conviction was sustained. The Code of Alabama (section 3505) declares, that "The indictment must be certain, as to the person charged; but when his name is unknown to the jury, it may be so alleged without any further idendification." This is a legislative declaration that, as to the *party charged*, the words that his *name is to the grand jurors unknown*, supply the requisite *certainty*. We can perceive no reason for requiring greater certainty in the description of the party slain, than the statute requires in describing the party accused; although it is admitted that the effect of a misdescription in the former case may be more serious than in the latter. We regard section 3505 of the Code as indicating a policy to be observed on kindred questions.

The judgment of the circuit court is affirmed, and the sentence of the law must be executed.