# Roseberry v. The State.

### Indictment for Enticing away Servant.

1. *Enticing away servant, &c.; what constitutes offence.* — Under an indictment for enticing away a servant or laborer under written contract of service to another (Rev. Code, § 3691), a conviction cannot be had on proof that the act of hiring was done by the defendant's agent or partner in business, and that the defendant knowingly received a part of the profits of the laborer's service.
2. *Sufficiency of indictment.* — An indictment for enticing away or hiring a servant or laborer under written contract of service to another (Rev. Code, § 3691), must either state the Christian name of the laborer, or allege that it is unknown.

FROM the Circuit Court of Pike.

Tried before the Hon. J. McCALEB WILEY.

The indictment in this case charged, that the defendant, Robert Roseberry, " knowingly hired or employed —— McLeod, a laborer or servant, who had stipulated or contracted in writing to serve Stephen Wynn for the year 1873, before the expiration of the term stipulated or contracted for (such contract being in force, and binding on the said McLeod and Stephen Wynn), without the consent of the said Stephen Wynn, the party employing the said McLeod, or to whom the said service was due, given in writing, or in the presence of some veritable white person."   There was no objection to the indictment.   The defendant pleaded not guilty, and the trial was had on issue joined on that plea.

The evidence adduced on the trial, as appears from the bill of exceptions, showed that the said laborer, while under written contract of service to said Wynn, was hired by one John Roseberry, who was examined as a witness for the State, and who testified, that he and the defendant jointly owned the plantation on which the said laborer worked; "that he had general authority from the defendant to hire hands and conduct the said farm ; "  " that the defendant knew nothing of said hiring, and was not consulted in relation to it ; " and " that the defendant paid all the taxes on said place, and received the income and profits."   On this evidence, the court charged the jury, " that although the defendant may not have done the hiring

[Jones v. State.]

himself, yet, if it was done by his agent or partner, and he knowingly received any portion of the rent which was the result of said hiring, then he is guilty." To this charge the defendant excepted.

There is no assignment of errors on the record.

J. D. GARDNER, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

B. F. SAFFOLD, J. — The charge of the court is erroneous. Crime is inseparable from evil intention, and the intention of one person cannot be imputed to another.

2. The indictment is defective, in not setting out the Christian name of the laborer or servant. The prosecution is not unlike that for decoying away a child, or kidnapping a person, wherein the forms prescribed in the Revised Code require the name of such child or person to be mentioned. When it is necessary to allege the name, the allegation must be sufficiently descriptive to establish identity; else the defendant may be embarrassed in his defence, and might not have the benefit of the judgment in another prosecution for the same offence. When the name is unknown, it may be so alleged without further identification, as in the case of an accused person. Rev. Code, § 4113; *Bryant* v. *The State*, 36 Ala. 270.

The judgment is reversed, and the cause remanded.