# McInnis v. The State.

## Indictment for Gaming.

*Raffling.* — Under an indictment for gaming (Rev. Code, § 3620), a conviction may be had on proof that the defendant and another person " bought each a chance in a raffle for a pocket-book, and raffled for the same by throwing dice for it ; " and where this is all the evidence, the court may instruct the jury, on request of the prosecuting attorney, " that they must find the defendant guilty if they believe the evidence."

FROM the Circuit Court of Sumter.

Tried before the Hon. LUTHER R. SMITH.

The indictment in this case charged, that the defendant " played at a game with cards or dice, or some device or substitute for cards or dice, at a tavern, inn, storehouse for retailing spirituous liquors, or house or place where spirituous liquors were at the time sold, retailed, or given away ; or in a public house, highway, or some other public place ; or at an outhouse where people resort." On the trial, as the bill of exceptions states, one E. J. Browne, a witness for the prosecution, testified that, within twelve months before the finding of the indictment, " he and the defendant bought each a chance at a pocket-book in the storehouse of J. J. Hillman at ' Jones's Bluff,' a public place in said county, and raffled for the same by throwing dice for it." The defendant objected to the introduction of this evidence, and reserved an exception to the overruling of his objection. " This being all the evidence, the court charged the jury, that if they believed from the evidence, beyond a reasonable doubt, that the defendant played at a game with dice, at a public place in the county, within twelve months before the finding of the indictment, they must find him guilty." The court also charged the jury, on the request of the prosecuting attorney, " that they must find the defendant guilty, if they believe the evidence in the case." The defendant excepted to each of these charges, and requested the court to instruct the jury, " That if they find, from the evidence, that the defendant took a chance at a raffle for a pocket-book, and played with dice in no other way, they must acquit him." The court refused this charge, and the defendant excepted to its refusal. The charges given by the court, the refusal of the charge asked, and the admission of the evidence objected to, are now assigned as error.

W. G. LITTLE, and S. H. SPROTT, for the prisoner. — 1. Raffling was not a misdemeanor at common law. 2 Bishop on Criminal Law, 506 ; State v.         , 3 Ala. 735. It has never been considered a public offence under our statutes, and

[McInnis v. State.]

is not within the mischief intended to be remedied by the statutes against gaming. It is rather a species of lottery, recognized by public opinion as harmless, and often used for charitable and benevolent purposes. It has never been prohibited by law, and has frequently been made a source of revenue by positive enactment. The same legislature that passed the law against gaming, under which this indictment was framed, also licensed raffles, and further provided that, if the proceeds of the raffled property went to any charitable association, the license or tax should be remitted. To punish a citizen for an act which has never been prohibited by law, which has long been sanctioned by public opinion, and even encouraged by revenue laws, would be violative of the first principles of criminal justice. An act which has been licensed by law for twenty years or more cannot become an indictable offence by implication, on account of a repeal of the law, or an omission to reënact it. *Mosely* v. *State*, 14 Ala. 394; *Darling Jones* v. *The State*, 26 Ala. 155.

2. The charge given by the court on the request of the solicitor was an invasion of the province of the jury. *Huffman* v. *The State*, 29 Ala. 40; *Carter* v. *The State*, 33 Ala. 429; *Dugger* v. *Taylor*, 46 Ala. 320; *Foster* v. *The State*, 47 Ala. 640.

BEN. GARDNER, Attorney General, for the State.

B. F. SAFFOLD, J. — Raffles have been licensed in this State; and in *Hawkins* v. *State* (33 Ala. 433) it was held, that gaming under R. C. § 3620 (3243) did not include buying a chance in a licensed raffle. In *Darling Jones* v. *State* (26 Ala. 155), throwing dice for money, in the same way as in raffling, was considered to authorize such a charge as was given in the present case; but stress was laid on the throwing for money instead of property, raffling being then a licensed game. Our present law takes no account of the name of the game, and raffling, in terms, is neither allowed nor prohibited. R. C. § 4134. The fine for such gaming as is here charged is not less than twenty, nor more than fifty dollars. The defendant was fined twenty dollars.

There is no doubt that gaming or gambling can be carried on as deeply by raffling, or in the manner of raffling, as by any other means. Its viciousness and demoralizing tendency caused the legislature to prohibit it in public, whether anything was staked on the game or not.

Our statutes and reports are full of the most sweeping enactments and decisions condemnatory of gaming in any form in public places. The ingenuity of gamesters has been met by a

broader prohibition, and a more elastic construction of it, until all gaming in public with cards or dice, or any device or substitute for them, has been forbidden. In *Holland* v. *The State* (3 Porter, 292), an indictment under the act of 1828, which is very similar to R. C. § 3620, for playing at cards, was held sufficient, without setting out that it was a game with cards. The statute itself so directed, and even dispensed with proof of what the game was, or whether anything was bet on such game. The court said : " Good policy requires that persons should be prohibited from playing at cards in places where others might witness, and be injured by their example." The entire current of authority since is in accord with this decision. The gist of the offence seems to be the publicity given to the playing ; and as the proof is uncontradicted that the defendant did the act which is forbidden, the charge was correct. There is no margin for intention.

The judgment is affirmed.