# Johnson *v.* The State.

### *Indictment for Gaming.*

1. *Raffling.*—Since raffles are not now licensed by law, and are within the evils intended to be remedied by the statutes against gaming, a person may be convicted of playing at a game with cards or dice (Code of 1876, § 4207; Code of 1886, § 4052), on proof that he took a chance in a raffle, and threw dice at the drawing, which was conducted in the usual manner, in one of the public places mentioned in the statute.

FROM the Circuit Court of St. Clair.

Tried before the Hon. LEROY F. BOX.

JNO. W. INZER, for appellant.—Raffling was not a misdemeanor at common law.—2 Bish. Crim. Law, 506; 3 Ala. 735. It has been often licensed by law, and has never been expressly prohibited or punished. It is sanctioned by public opinion, and is practiced by churches and charitable associations. It is not within the mischiefs attendant on gaming in

public places, and is not within' either the letter or the spirit of the statutes.

T. N. McClellan, Attorney-General, for the State, cited *Jones v. The State,* 26 Ala. 155; *McInnis v. The State,* 51 Ala. 23.

SOMERVILLE, J.—The defendant is indicted for playing at a game with cards or *dice,* at a public house, or one of the other public places prohibited by section 4052 of Code 1886. The evidence showed that he had taken a chance in an ordinary *raffle* for a watch, raffled off by one Ferguson, and that defendant had thrown with dice, in the common mode, to determine who was entitled to the prize, the one throwing the highest number being regarded as the winner. The court charged the jury, that, if they believed the evidence, which was clear and undisputed, they must find the defendant guilty.

The question raised is, whether this section of the Code makes it a penal offense to take a chance, and engage in an ordinary *raffle,* conducted at a public house or place in this State.

This precise question was raised in *Hawkins v. State,* 33 Ala. 433, decided in 1859, under the Code of 1852, and the conclusion, it is true, was reached, that a conviction could not then be had for playing at a game with dice, on proof that the defendant took a chance in a raffle. The reason of the decision was, that the law at that time *licensed raffling* in this State, and the person who conducted the raffle in question had procured and paid for a license, as required by the revenue law then in force. Code, 1852, § 391, subdiv. 28. A like decision had been made as early as 1848, in reference to betting at a game of billiards and pool, which was held not to be indictable, solely on the ground, that billiard and pool tables, being the subjects of license, were by implication excepted from the operation of the general law, against the keeping or exhibiting of gaming tables. *Moseley's case,* 14 Ala. 390; *Allaire's case, Ib.* 435.

In *Jones v. State,* 26 Ala. 155, decided in 1855, while raffling was still licensed by law, the defendant was indicted for gaming under the same statute. The evidence showed that he and another had put up *money* and threw dice for it, in the common mode adopted at raffles, the one throwing the highest number taking the money. The defendant was con-

victed of playing at a game with dice, at one of the places prohibited by law. The game, although conducted upon the principles of a raffle, was held not to be a raffle in fact, and to be in violation of the statute.

The same question came before this court again in *McInnis v. The State*, 51 Ala. 23, decided in 1874. At that time, the statute authorizing raffles to be licensed had been repealed. The defendant was indicted for playing at a game with cards or dice, at one of the places prohibited by law; and on proof of the fact that he had bought a chance, and engaged iu an ordinary raffle, he was convicted of the offense charged. This court sustained the conviction, the indictment being found under section 3620 of the Revised Code of 1867, which is the same in substance with section 4052 of the Code of 1886, under which the present indictment was found.

· This construction is in full harmony with the policy of the constitution and laws of Alabama, prohibitory of the vicious system of lottery schemes, and the evil practices of gaming, in all their protean shapes, tending, as centuries of human experience now fully attest, to mendicancy and idleness on the one hand, and moral profligacy and debauchery on the other. No State has more steadfastly emphasized its disapprobation of all these gambling devices of money-making by resort to schemes of chance, than Alabama. For more than forty years past—we may say, from the organization of the State, with some few years of experimental leniency— the voice of the legislature has been loud and earnest in the condemnation of these immoral practices, now deemed so enervating to the public morals. Const. 1875, Art. IV, § 26; Code, 1886, §§ 4068–69, and 4052–67; *Huddleson v. State*, 48 Amer. Rep. 171; *Com. v. Wright*, 50 Amer. Rep. 306; *Buckalew v. State*, 62 Ala. 334; s. c., 34 Amer, Rep. 22. So far has this policy been carried, that certain games, innocent in themselves, and not played for money or anything of value, are prohibited at public places. As suggested by Judge ORMOND in *Clark v. The State*, 12 Ala. 492 (1847); "The mischief designed to be prevented, was the exposure of the practice of gaming, or playing at games of chance, to indiscriminate observation, by which the young and unwary might be led to engage in it."

Our conclusion is, that, engaging in a raffle in a public place, conducted in the ordinary mode of raffling, by the use

[Williams v. The State.]

of dice, is a clear violation of the statute, and that the conviction must be sustained.

Judgment affirmed.

