# *Ex parte* Dykes.

### Application for Certiorari and Habeas Corpus.

1. *Right to bail in capital cases.*—Under the evidence set out in the bill of exceptions in this case (Code, § 4850), the defendant is held entitled to bail, because the proof is not evident, nor the presumption great, that he is guilty of murder in the first degree.

THE petitioner in this case, Andrew J. Dykes, having been arrested on a charge for the murder of one Frank Lewis, made application by petition, addressed to Hon. O. J. SEMMES, judge of the City Court of Mobile, for discharge or admission to bail on writ of *habeas corpus*. On the evidence adduced, Judge Semmes remanded the prisoner to jail without bail. A bill of exceptions was reserved to this decision, on which the petitioner renews his application to this court, asking the writs of *certiorari* and *habeas corpus*, *nisi*.

G. L. SMITH, for the petitioner.

THOS. N. MCCLELLAN, Attorney-General, for the State.

[Sherwood v. Alvis.]

SOMERVILLE, J.—Under the testimony set out in the bill of exceptions, it is the opinion of the court that the applicant is entitled to bail. The proof is not evident, nor the presumption great, from this evidence, that the defendant is guilty of the offense of murder in the degree punished capitally. He is, therefore, entitled to bail.—*Ex parte Hammock*, 78 Ala. 414; *Ex parte Bryant*, 36 Ala. 270. Lest we may prejudice the case on its merits, we need go no further than this.

The writs of *certiorari* and *habeas corpus* will be awarded, to bring the proceedings and the prisoner before this court, unless the petitioner, when informed of this ruling, is content to renew his application before a court or judge of primary jurisdiction.

*Certiorari* and *habeas corpus* ordered, *nisi*.