FRANK PARKHILL, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

An information for keeping a gaming table for the purpose of gaming and gambling in a named county charges an offense, even though the particular locality in said county is not set forth.

This case was decided by the court *En Banc.*

Writ of error to the Criminal Court of Record for Duval county.

The facts in the case are stated in the opinion of the court.

*Walker & Shaylor* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

COCKRELL, J.—An information was filed in the Criminal Court of Record, Duval county, against Frank Parkhill and another. There was a severance and upon trial the said Frank Parkhill was convicted upon the first count in the information, which charged, omitting formal parts, as follows: "That * * and Frank Parkhill of the county of Duval and State of Florida, on the 4th day of July, in the year of our Lord one thousand nine hundred and three, in the county and State aforesaid, did then and there feloniously have, keep, exercise and maintain a gaming table commonly called a crap table for the purpose of gaming and gambling."

After verdict and before sentence the defendant moved in arrest of judgment alleging as the sole ground thereof "because said information, in the first count charges no offense under the law of Florida," and the denial of this motion is the basis for the error assigned here.

The information is in the language of the statute, section 2644, Rev. Stats. of 1892, which fully defines the offense. The argument made here, however, attempts only to show that the information is indefinite in that it does not set forth the locality of the offense otherwise than by stating it to have been committed in Duval county. No motion to quash the information for indefiniteness was made, nor does the motion in arrest contend that the allegations are indefinite, nor was there a request for a bill of particulars, nor is there any showing that the defendant was in any wise surprised or injured by this generality of averment, if such it can be considered.

. In *Groner v. State,* 6 Fla. 39, it was decided that in an indictment for gaming the place is sufficiently stated by saying (after stating the venue) in the county of Leon, and we see no reason for refusing to apply the principle of that case to the case at bar. The statute under which the indictment was found does not make the offense dependent upon the gaming table being kept in a particular place or locality, and there is nothing in the nature of the offense to take it out of the general rule recognized and applied in the case cited.

The judgment is affirmed.

HOCKER, SHACKLEFORD and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.

WHITFIELD, J., disqualified, took no part in the consideration of this case.