# UNION INDIA RUBBER COMPANY *vs.* MITCHELL.

### [GARNISHMENT ON JUDGMENT.]

1. *Execution of bill of exceptions.*—A bill of exceptions, which is without date, and which is not shown by the record to have been signed within the time prescribed by the statute, (Code, § 2358,) will be rejected, on motion, as forming no part of the record.
2. *What irregularities are available to plaintiff in garnishment.*—The allowance of a set-off claimed by the garnishee, against the claims admitted by him to be due to the defendant, or to his transferree, is not a matter of which the plaintiff can complain on error, when the record shows that he contested the transferree's right to the claims, and that the jury found the issue in favor of the transferree.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

The appellant in this case, having recovered judgment against Jones & Co., (a mercantile firm in Selma, composed of Abner Jones and William Ickes,) sued out process of garnishment on it, and summoned John T. Morgan, the administrator of William M. Murphy, deceased, as the debtor of said Jones & Co., or either of them. The garnishee answered; admitting that said Jones had presented to him, as administrator, several claims against his intestate, amounting in the aggregate to about $507; stating that he had been notified by Jones, since the presentation of said claims, that they had been transferred to one John Mitchell, as collateral security against a note for $1,000, executed by said Jones as principal, and by said Murphy

and others as sureties; and claiming the benefit of a set-off which he held against these demands. Mitchell having been brought in on notice, an issue was formed between him and the plaintiff, respecting the right to the transferred claims. The jury found the issue in favor of Mitchell; and the court thereupon rendered the following judgment:

"This day came the plaintiff and the claimant, by their attorneys; and issue being joined upon the claim asserted by the said Mitchell, thereupon came a jury," &c., "who," &c., "upon their oaths, do say, 'We, the jury, find the issues in favor of the claimant.' It is therefore considered by the court, that said plaintiff is not entitled to have and recover of the garnishee anything upon his answer filed in this cause; and it is further considered and adjudged, that said claimant, John Mitchell, go hence, and recover of the plaintiff his costs in this behalf expended," &c.

"In this case, the parties came, by their attorneys; and the garnishee having proved that, before the issue of the garnishment in this cause, and before the transfer to John Mitchell of the claims set forth in said answer, it was agreed between Abner Jones, who was the sole owner of the claims presented by him to said Morgan, as the administrator of said. Murphy, that all the demands set forth in said answer, in favor of said Murphy, against said Abner Jones, Jones & Ickes, Ickes & Co., and Jones, Huffman & Milton, should be a good and valid set-off against the claims of said Jones against the estate of said Murphy; and it also appearing to the satisfaction of the court, that the balance due from said Morgan, as such administrator, after deducting said set-off, is $80 46, and that said balance was transferred by said Jones to said Mitchell, before the issue of said garnishment,—it is therefore considered by the court, that said John T. Morgan, as such administrator, go hence discharged, and recover of the plaintiff and James Q. Smith, his surety, the costs of this proceeding," &c.

These judgments were rendered on the 9th June, 1858. There is a bill of exceptions in the record, which is without date, and does not purport to have been signed in term

time ; but is marked by the clerk, " Filed 20 June, 1858."

The judgments above copied, and the several rulings of the court to which exceptions were reserved, are now assigned as error.

ALEX. & JNO. WHITE, with JAS. Q. SMITH, for the appellant, argued the several assignments of error ; and, on the motion of the appellee's counsel to strike the bill of exceptions from the record, submitted these views : The act of 1844 required, that the bill of exceptions should be affirmatively shown to have been signed in term time, or within ten days thereafter by consent.—Wood v. Brown, 8 Ala. 564. But the language of the Code (§ 2358) is materially different from that of the former statute. Here is an act of a judicial officer of the State, done in his official capacity, but at what time does not appear ; if done within a certain time, it was a matter of official duty, the refusal to perform which was a misdemeanor (Code, § 2356) ; if done afterwards, it was a plain violation of his official duty. Under these circumstances, the court must presume that the officer performed his duty, and not that he violated it.— 4 Phil. Ev. (C. &. H. notes,) 459–61.

JNO. T. MORGAN, contra, insisted that the bill of exceptions could not be regarded as a part of the record, and cited the following cases: Wood v. Brown, 8 Ala. 563 ; Kitchen v. Moye, 17 Ala. 143, 394 ; Haden v. Brown, 22 Ala. 572 ; Murrah v. Br. Bank at Decatur, 20 Ala. 392.

STONE, J.—The bill of exceptions found in this record is without date ; and the record contains no evidence that it was signed in term time, or within ten days afterwards, pursuant to written consent of the parties for that purpose. Code, § 2358. A motion has been made to exclude the bill of exceptions; and under these circumstances, a majority of the court hold, that the exceptions cannot be regarded as a part of the record.—Kitchen v. Moye, 17 Ala. 143 ; Haden v. Brown, 22 Ala. 572 ; Cox v. Whitfield, 18 Ala. 738.

[2.] The bill of exceptions being excluded, the case is brought down to narrow limits. On an issue between the plaintiff and transferree, the jury have affirmed the validity of the transfer; and the court thereupon discharged the garnishee. Whether the court correctly ruled on the subject of the garnishee's right of set-off, we need not inquire, as that is a subject which does not concern the present appellant. If, therefore, the court committed any error, (which we do not decide,) it was an error to the prejudice alone of the transferree; and he alone would be heard to complain of it, in a contest between those parties.

Judgment affirmed.