# Stearn & Co. v. Lehman-Durr & Co.

## Trial of Right of Property.

(Decided July 27, 1887. 2 South. 708.)

*Bill of Exceptions: Signing; Certificate; Extrinsic Evidence.*— This court cannot consider the certificate of the presiding judge, or other extrinsic evidence for the purpose of ascertaining when the judge signed the bill of exceptions, for the record must be complete in itself and the bill must contain internal evidence that it was properly signed. (Construing section 3115, Code 1876, and Acts approved Feb. 23, 1887, Acts 1886-7, p. 126.)

APPEAL from Geneva Circuit Court.

Heard before Hon. J. M. CARMICHAEL.

Claim suit in which Charles H. Stern & Co., was plaintiff with N. J. Harris, defendant, and Lehman-Durr & Co., claimants. Judgment for the claimants and the plaintiff appeals. Appeal dismissed.

The matters here decided was on motion to set aside the original affirmance and to vacate the order striking the bill of exceptions, which order was entered upon motion of the appellee, because it did not appear from the bill of exceptions that it was signed in term time, or un-

der any agreement in vacation. In support of the motion to set aside the affirmance and to vacate the order striking the bill, the appellants offered the following order made in said court:

Circuit Court of Geneva county, Spring Term, 1887. By consent of plaintiffs and claimants it is ordered by the court that the presiding judge of this court have thirty days to sign the bill of exceptions from the adjournment of this court. This order seems to have been entered upon the minutes of the trial court but not to have been shown by the record on appeal. The appellants also offered a certificate of the presiding judge that the bill of exceptions was signed within the thirty days. The conclusion of the bill of exceptions is as follows: "And tender this as their bill of exceptions, and ask that the same be signed, sealed, and made a part of the record in this case, which is done. J. M. Carmichael, Judge, presiding."

H. D. CLAYTON, JR., and W. D. ROBERTS, for appellant, and for motion.

TROY, THOMPKINS & LONDON, and WATTS & SON, for appellee.

PER CURIAM.—Motion is made to set aside the affirmance of the judgment in this cause, rendered during the present term, and to vacate the order striking the bill of exceptions from the record. This order was made upon the ground that the bill of exceptions was without date, and was not shown by the record to have been signed within the time prescribed by the statute, which includes four classes of cases. It must appear either (1) that such bill was signed in term-time, before adjournment of the court during which the exceptions was taken; or (2) that it was signed within a certain time after

[Stearn & Co. v. Lehman-Durr & Co.]

adjournment, which was specified by written consent or agreement of counsel; or (3) within such time, not exceeding six months, as may have been fixed by order of the court, in term-time, on the application of either party; or (4) within such time, not exceeding six months, to which the judge in vacation may, for good cause, have seen fit to extend the time fixed by such order made in term-time. The first two cases are provided for by section 3113, Code 1876, and, with some modifications, have long been recognized in this state. The last two are provided for by the recent act of the general assembly, approved February 22, 1887, entitled "An Act to regulate the signing and allowance of bills of exceptions." (Acts 1886-7, p. 126).

Under the Code provisions, (section 3113, supra,) it was uniformly held that a bill of exceptions would, on motion, be stricken from the record, unless it appeared on its face to have been signed within the time prescribed by the statute.—*Union India Rubber Co. v. Mitchell,* 37 Ala. 314; *Bryant v. State,* 36 Ala. 270; Rule of Practice, No. 30, Code 1876, p. 161. The same rule, for like reasons, must also apply to the two additional cases provided for by the act of February, 1887, to which we have above alluded. No satisfactory reason, in our opinion, exists, or can be assigned, why this should not be so.

In the present motion, however, the certificate of the presiding judge is produced, to the effect that he signed the bill of exceptions within the time which had been fixed for such purpose by an order of the court during term-time, which was 30 days; and a consent order is produced, which would probably confer such authority on him, duly certified by the clerk of the circuit court. We cannot look to this certificate for the purpose of ascertaining when the judge signed the bill. A bill of ex-

ceptions is regarded as a part of the record, in every cause, and "must be perfect within itself." It cannot, therefore, as we have often held, when complete, be supplemented or corrected by the aid of extraneous evidence, oral or otherwise, which does not form a part of such record. It should have appeared on the face of the record that the bill was signed within the requisite time prescribed by the order of the court.—*Pearce v. Clements,* 73 Ala. 256; *Maddox v. Broyles,* 42 Ala. 436; *Posey v. Beale,* 69 Ala. 32; *Ex parte Mayfield,* 63 Ala. 205; *Blake v. Harland,* 75 Ala. 205; *Parsons v. Woodward,* 73 Ala. 348.

The motion is denied.

(This case is ordered by the court to be officially reported, and is reported in connection with the case referring to it as authority, which case follows.—Reporter.)