# Morris v. Brannen & Sons *et al.*

## *Statutory Action of Ejectment.*

1. *Bill of exceptions; what required to make it part of the record, when without date.*—Where the bill of exceptions is without date, and the record contains no evidence that it was signed in term time, but there is an order of the court allowing a fixed time in vacation, within which the bill may be signed, it must affirmatively appear on the face of the bill that it was signed by the judge within the time allowed; and in the absence of such showing, such bill of exceptions can can not be looked to by the appellate court as a part of the record for any purpose, but will be stricken from the record on proper motion.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

This appeal was taken by the appellant from a judgment of the circuit court of Pike county, in favor of the defendants in an ejectment suit, brought by the appellant against the appellees. In this court a motion was made to strike the bill of exceptions from the record, and this motion is the only question considered by the court. The facts in reference thereto are sufficiently stated in the opinion.

D. A. BAKER and A. C. WORTHY, for appellant.—It will not be presumed that the judge diregarded the law and allowed a bill of exceptions, which was not presented

within the time allowed by the statute.—*Heffron v. Pollard*, 15 Amer. St. Rep. 764; Beechem on Public Officers, § 579.

PARKS & GAMBLE, *contra*.—The motion to strike the bill of exceptions from the record should be sustained. It must affirmatively appear that the bill of exceptions was signed before the adjournment of the court, or within the time allowed by consent of counsel or by order of the court, or such bill will be stricken from the record. *Markland v. Albes*, 81 Ala. 433, and authorities cited; 1 Brick. Dig., 245, § 44.

HARALSON, J.—A motion is made to strike from the record what purports to be a bill of exceptions in this case, because it does not appear to have been signed by the presiding judge within the time, and as required by law. The bill concludes with this language: "and the plaintiff presents this his bill of exceptions, and most respectfully asks that the court sign the same, within the time allowed," &c., and then follows the name, "J. R. Tyson, Judge." It bears no date, and there is nothing in the record to show when it was signed, whether in term time or afterwards. There is not shown to have been any consent or agreement of counsel in writing for it to be signed after the adjournment of court, but the judgment entry recites, that thirty days be allowed plaintiff to present a bill of exceptions.

Section 2761 of the Code provides that, "No bill of exceptions can be signed after the adjournment of the court, during which the exception was taken, unless by consent or agreement of counsel in writing, except in such cases as is otherwise provided." This has been the law of this State since 1844, except under the latter act, the time within which counsel might agree for a bill to be signed in vacation was limited to ten days after the adjournment of the term of the court, at which the trial was had; and since the act of February 14, 1870 (Acts 1869–70, p. 99), that limitation of ten days was taken out.

The statute of 1844 has been many times before this court, and always with a uniform construction, that it was not directory, but mandatory, on the judges, to sign the bills, if at all, strictly within the terms of the statute,

as to time, and that, unless the record showed *affirmatively*, that a bill of exceptions found in it was signed by the presiding judge, before the adjournment of the court or within ten days thereafter, by the written consent of the counsel engaged in the cause, it must be rejected, as forming no part of the record.—*Wood v. Brown*, 8 Ala. 563 ; *Kitchen v. Moye*, 17 Ala. 143 ; *Haden v. Brown*, 22 Ala. 572 ; *Markland v. Albes*, 81 Ala. 433. And in *Maddox v. Broyles*, 42 Ala. 436, it was held, that "where a bill is without date, and the record contains no evidence that it was signed in term time, or within ten days thereafter, pursuant to the written consent of the parties, for that purpose, it cannot be looked to by the appellate court as a part of the record, for any purpose."—*Bryant v. The State*, 36 Ala. 270 ; *Union I. R. Co. v. Mitchell*, 37 Ala. 314.

On the 27th February, 1887, an act was approved, (Acts 1886–87, p. 126), providing, that in all cases where bills of exceptions are authorized, the court in term time, may, on the application of either party, fix the time in which bills of exception shall be signed, and the judge, in vacation, may, for good cause, extend the time fixed in term time ; *provided*, in no case shall the time allowed exceed six months, and *provided* further, that nothing herein contained shall prevent parties from agreeing as to time, as now provided by law. This act has received the construction of this court, to the effect that a bill of exceptions may be signed in vacation, within the time fixed by an order of court entered in term time, and this may be enlarged by a subsequent order made before the expiration of the time fixed by the first, but not after its expiration, and not extending in all.beyond six months.—*Bass Furnace Co. v. Glasscock*, 86 Ala. 244 ; *Ladd v. The State*, 92 Ala. 58; *Rosson v. The State*, 92 Ala. 76.

As we have seen, by the repeated and uniform rulings of the court, in the construction of a similar statute,—to which this later statute is supplementary,—the bill of exceptions bearing no date, and the record containing no evidence that it was signed in term time, or vacation, pursuant to the written agreement of the parties, cannot be looked to by us for any purpose. The construction given the act of 1844 must apply to the present statute, when the bill not being signed in term time,

there is an order of the court allowing a fixed time in vacation, within which the bill may be signed. In such case, it must appear on the face of the bill that it was signed by the judge within the time allowed, or it can not be upheld. The motion to strike the bill from the record must prevail, and the appeal having nothing thereafter on which to rest for a reversal, the judgment of the court below must be affirmed.—*Markland v. Albes.*; and *Maddox v. Broyles*, *supra*.

Affirmed.

*Statutory Action of Ejectment.*

