# Rainey v. Ridgeway, et al.

## Contest of Will.

(Decided May 7, 1907. 43 South. 843.)

1. *Evidence; Parol Evidence; Record.*—A bill of exceptions is not a part of the record, although incorporated in the transcript, until it has been signed according to law, and parol evidence is admissible to show that it was not signed within the time, and that the order extending the time was invalid.

2. *Courts; Jurisdiction; Territorial Limit; Probate Judges.*—The judicial powers of judges of probate and their jurisdiction are confined to the territorial limit of the county in which they are elected unless it is otherwise provided in the statute.

3. *Exceptions; Bill of; Extension of Time.*—An order granting an extension of time for signing a bill of exceptions is a judicial act, and is a nullity when made outside of the territorial limits of the judges' jurisdiction.

4. *Appeal; Bill of Exceptions; Necessity.*—The decree appealed from must be affirmed when there is no legal bill of exceptions and the assignment of errors relate exclusively to matters which can be presented only by bill.

APPEAL from Tallapoosa Probate Court.

Heard before Hon. JAMES W. STROTHER, Spedial Judge.

Contest of probate of will between E. B. Rainey, Ella Ridgeway and others. From a judgment for Ridgeway and others, Rainey appeals. Affirmed.

GEORGE A. SORRELL, and L. B. RAINEY, for appellant.—No brief came to the Reporter.

LACKEY & BRIDGES, for appellee.—No public officer has authority to perform any official act outside of the territorial limits of his jurisdiction unless such authority is conferred by statute.—*State ex rel. Martin v. Talley,* 102 Ala. 25; *Mortgage Co. v. People,* 102 Ala. 241; *Ex parte Davis,* 95 Ala. 9; *Horton v. Elliott,* 90

[Rainey v. Ridgeway, et al.]

Ala. 480; *Ex parte Branch*, 63 Ala. 383. The signing of a bill of exceptions is a judicial act, as is the granting of extension for time of signing.—Authorities supra, *Grider v. Mortgage Co.*, 89 Ala. 281. The bill of excep tions must be stricken and the cause affirmed.—*Cooley v. U. S. S. & L. Co.*, 144 Ala. 538. Counsel discuss the appeal on its merits as well.

DOWDELL, J.—This cause was heard before Hon. James W. Strother, special judge of probate appointed for that purpose; the judge of probate of Tallapoosa county being disqualified to hear the cause. Motion is made to strike from the transcript what purports to be a bill of exceptions, and this motion is now submitted for our consideration upon an agreed statement of facts. It appears from such agreed statement of facts that the bill was signed by the special probate judge after the expiration of the time fixed by the statute (section 465 of the Code of 1896), but within the time of the order of the special judge granting an extension of the time for the signing of the bill. It further appears from such agreed statement of facts that such order of extension was made by the special judge beyond the limits of Tallapoosa county and in the city of Montgomery.

The first contention of the appellant is that this evidence is incompetent, for the reason that it is an attempt to contradict the record, which can never be done by parol evidence. This contention is without merit. The question is not one of an attempt to contradict the record, but it goes to the denial of the existence of a record. A bill of exceptions never becomes a part of the record until it is legally signed by the presiding judge, or, in case of his refusal to sign, it has been established as provided by law. In the absence of a compliance with the requirements of the statutes as to

the signing or establishment of a bill of exceptions, a mere incorporation of such bill in the transcript does not constitute it a record. Probate judges in this state are elected for each county, and, in the absence of any statute providing otherwise, their judicial powers and functions are confined within the territorial limits of the county to which they are elected. The law is well settled that no public officer has authority to perform any official act outside of the territorial limits of his jurisdiction, unless such authority is given by statute. —*Mortgage Co. v. Peoples,* 102 Ala. 241, 14 South. 656; *Ex parte Davis,* 95 Ala. 9, 11 South. 308; *Horton v. Elliott,* 90 Ala. 480, 8 South. 103; Mechem on Public Officers, § 508. In *Mortgage Co. v. Peoples,* 102 Ala. 244, 14 South. 657, it was said by this court, speaking through Stone, C. J.: "The jurisdiction of an officer, elected and appointed, is local. It is confined to the territorial area for which he is commissioned. Within that territorial area, whether large or small, he can perform official functions. Outside of it he is a private person, having no official power or jurisdiction. An act done by him beyond the boundaries of his local jurisdiction, no matter how formal he may make it appear, is a sheer usurpation, having no official validity. And this is true of official trust, from the highest to the lowest." —1 Am. & Eng. Ency. Law (1st Ed.) 146, note 2; *Share v. Anderson,* 10 Am. Dec. 421, 7 Serg. & R. (Pa.) 43; *Bradley v. West,* 60 Mo. 33; *Rackleff v. Norton,* 19 Me. 274. The order granting the extension of time for signing of the bill was one that the officer under the law was not bound to make, but was wholly within his discretion. It was an official act, involving judicial discretion, and therefore a judicial act. In *Grider v. Tally,* 77 Ala. 424, 54 Am. Rep. 65, it is said: "Judicial power is authority, vested in some court, officer, or person, to

[Rainey v. Ridgeway, et al.]

hear and determine, when the rights of persons or property, or the propriety of doing an act, are the subject-matter of adjudication. Official action, the result of judgment or discretion, is a judicial act. The duty is ministerial, when the law, exacting its discharge, prescribes and defines the time, mode and occasion of its performance with such certainty that nothing remains for judgment or discretion. Official action, the result of performing a certain and specified duty arising from fixed and designated facts, is a ministerial act."— *Flournoy v. City of Jefferson*, 17 Ind. 169, 79 Am. Dec. 468; *Tenn. & Coosa R. R. Co. v. Moore*, 36 Ala. 371; *Morton v. Comp. Gen.*, 4 S. C. 430; *Commissioner v. Smith*, 5 Tex. 471; *Life & Fire Ins. Co. v. Wilson*, 8 Pet. (U. S.) 291, 8 L. Ed. 949. As said above, the granting of the order of extension involved an exercise of discretion, and was therefore in no proper sense a ministerial act but a judicial one.

Our conclusion is that the order granting the extension, having been made without the territorial limits of the officer's jurisdiction, was a nullity; and it follows that the motion to strike the bill of exceptions must be sustained. As the assignments of error relate exclusively to matters which can be presented only by proper bill of exceptions, and there being no bill of exceptions, the decree appealed from must be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.