# Edinburgh-American Land Mortgage Co. *v.* Canterbury.

### *Ejectment.*

(Decided Dec. 1, 1910. Rehearing denied Dec. 22, 1910.
53 South. 823.)

1. *Bill of Exceptions; Signing; Presentation.*—Under section 3019, Code 1907, where a bill of exceptions is not signed by the presiding judge within ninety days after judgment, it must contain internal evidence that it was presented to the judge within that time as extraneous proof to establish such fact is not admissible.

2. *Same; Proof After Submission.*—Under the rule that evidence cannot be taken after submission to establish anything relative to the record unless the submission be set aside, an affidavit of the trial judge filed in a motion to strike a bill of exceptions, and filed five months after submission, stating that the original bill of exceptions bore a date seasonably endorsed by him tending to show if not showing due presentation of the bill within the time, such affidavit cannot be considered, where none of such dates were contained in the transcript certified to by the clerk.

3. *Ejectment; Plea.*—Not guilty is the only appropriate plea in an action of ejectment, and under it any matter operating as a bar to the action is admissible in evidence.

4. *Appeal and Error; Motion to Strike Bill; Certiorari.*—Where a motion to strike a bill of exceptions notified appellant of an alleged defect therein, it was his duty then to seek a certiorari for a correct transcript showing that the defect was clerical only and not substantial.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ejectment between the Edinburgh-American Land Mortgage Company, Limited, and I. I. Canterbury, as administrator, etc. From a judgment in favor of the latter, the former appeals. Affirmed.

The affidavit referred to in the opinion is one made by Hugh Nelson, who certifies that he is one of the attorneys for the appellant in the above-styled cause; that he finished bill of exceptions in said cause on January 29, 1910, and on the same day sent same by express, addressed to Hon. John T. Lackland, Grove Hill, Ala., and that he verily believed that the same was received by Judge Lackland within the time required by law for presenting bills of exceptions; that at the same time he wrote Judge Lackland, telling him that the bill was forwarded by express, and mailed said letter to Judge Lackland; that Judge Lackland did not acknowledge receipt to affiant, but affiant was informed by Mr. C. K. Abrahams, of Demopolis, Ala., an attorney associated with affiant for appellant in this case, that Judge Lackland stated to him on March 20, 1910, that he had received the bill of exceptions, but had had no opportunity to consider the same, but would examine and sign same, if proper. The bill of exceptions was never returned to affiant, but was sent to the clerk of the circuit court of Monroe county, who informed affiant that he had received the same from Judge Lackland. Judge Lackland lived at Grove Hill, Ala., to which place the bill of exceptions was sent by

express. Affiant further states that there was a meritorious case presented by said bill. The receipt of the express company is attached, showing that the papers were delivered to it on January 20, 1910. Judgment was rendered in the case on November 13, 1909.

HUGH NELSON, and ABRAHAM & TAYLOE, for appellant. Counsel discuss the assignments of error predicated upon exceptions shown by the bill, but in view of the opinion it is deemed unnecessary to set them out. They insist that it was open to either party to show when the bill of exception was actually signed, with the burden on the appellant.—*Baker v. C. of Ga. Ry. Co.*, 51 So. 796; *Wood's Case*, 8 Ala.; *Union I R. Case*, 37 Ala.; *Ex parte Nelson*, 62 Ala. 379; *Elwell v. Fosdell*, 134 U. S. 500; *Dakota Co. v. Glidden*, 113 U. S. 222.

WILLIAM CUNNINGHAM, for appellee. Section 3019, Code 1907, provides that the bill must be presented within ninety days after the trial and signed within ninety days after presentation, and under said section, where the bill is not signed within ninety days, it must bear some internal evidence of having been presented within ninety days. Parol evidence is not admissible to show when it was signed or presented.—*Pearce v. Clement*, 73 Ala. 256; *Morris v. Brannen*, 103 Ala. 602; *Chapman v. Holding*, 54 Ala. 61. The judge has no authority to receive the bill after expiration of ninety days from the judgment, and if he cannot receive it he certainly cannot sign it, hence, the necessity of showing a receipt within the time.—*Smith v. The State*, 53 So. 396; *King v. Hill-Shafer & Co.*, 51 So. 15. Counsel discuss the errors assigned on exceptions taken by the bill, but it is deemed unnecessary to here set them out.

McCLELLAN, J.—Motion, by appellee, to strike bill of exceptions on the ground that it was not "presented" to the presiding judge within the period provided by Code 1907, § 3019. That statute, in the presently important particulars, reads: "Bills of exceptions may be presented at any time within ninety days from the day on which the judgment is entered and not afterwards. * * * The judge must indorse thereon, and as a part of the bill, the true date of presenting, and the bill of exceptions must, if correct, be signed by him within ninety days thereafter." Construing and applying this statute in *King v. Hill & Shafer Co.,* 163 Ala. 422, 51 South. 15, where it affirmatively appeared that the bill was not "presented" within the period required by the statute, it was ruled that "the judge had no right to receive it after the time for presenting had expired." It is evident from the express terms of the statute that two major acts are required of the proposed appellant and of the judge, respectively, to perfect a bill of exceptions, viz.: Presentation during ninety days, and not afterwards, from the entry of the judgment, by proposed appellant, .and, signing by the judge within 90 days after presentation.—*Smith v. State,* 166 Ala. 24, 52 South. 396.

Under older statutes, in which however, *presentation* was not a factor of the consequence the present statute makes it, it was regarded as long settled, and never doubted, that the bill must be "perfect within itself," and that, where signed by the judge as a bill of exceptions, extrinsic evidence was not receivable to show compliance with the statutory requirement as respected *time* of signing.—*Stearn v. Lehman,* 169 Ala., supra, 2 South. 708; *Union India Rubber Co. v. Mitchell,* 37 Ala. 314; *Bryant v. State,* 36 Ala. 270; *Maddox v. Broyles,* 42 Ala. 436; *Morris v. Brannen,* 103 Ala. 602, 15 South. 865; *Chapman v. Holding,* 54 Ala. 61. *Stearn v. Lehman,*

*supra,* seems, doubtless by oversight, not to have been officially reported. The reporter will now correct the omission, noting the fact that its report is directed by the court.

In *Stearn v. Lehman, supra,* the bill was silent as to *when* it was signed by the trial judge, and a certificate of that officer was offered to show "that he signed this bill of exceptions within the time" fixed by order of court for that purpose. The court said: "We cannot look to this certificate for the purpose of ascertaining when the judge signed the bill. A bill of exceptions is regarded as a part of the record, in every cause, and 'must be perfect within itself.' It cannot, therefore, as we have often held, when complete, be supplemented or corrected by the aid of extraneous evidence, oral or otherwise, which does not form a part of such record. It should have appeared on the face of the record that the bill was signed within the requisite time prescribed by the order of the court."

The point is made, in brief for movant to strike this bill, that the affidavit (the substantive features of which the reporter will set out) submitted to show compliance with the statutory requirment for *presentation* cannot be considered on the inquiry. In other words, that presentation vel non, and *when* that was effected, must be determined alone from the bill (signed by the trial judge). We see no escape from the result of the apt analogy afforded by the ruling in *Stearn v. Lehman, supra,* and of those decisions on which it rests, some of which are cited before.

Our present statute renders the date of *presentation* of vital importance in the perfection of a bill of exceptions. In the first place, the period within which the judge must *sign* the proposed bill, and *not afterwards,*

begins to run from the true date of *presentation*. "With-
in ninety days" is the limit of the period during which
the judge may efficaciously *sign* a bill, and that period
has its inception at the date of presentation. That the
date of beginning of this period should not rest in parol,
or be in any wise at large, it is expressly and imperative-
ly prescribed that the judge "indorse" on the bill, "and
as a part of the bill, the true date of *presenting.*" Refer-
ence to earlier statutes on this subject, and to decisions
construing and applying them in concrete cases, empha-
sizes the importance of time in the premises. Treating
the statute of 1844, in *Wood's Adm'r v. Brown*, 8 Ala.
563, wherein requirements for the addition by the judge
of the "correct date of such signing," as well as a prohi-
bition against signing beyond a defined period, were
made, Collier, C. J., after pronouncing the terms of the
enactment plain and mandatory, adverted to the evil in-
tended to be remedied by the statute, viz., *time* elapsing
after trial, entailing the dimming of memory of its
events. This court has steadily adhered to the letter and
effect of the doctrine of that decision.

If the date of presentation were left without memo-
rial, it is apparent that the inquiry of date of *presenta-
tion* might turn upon expressions of mere memory, and
thereby, in consequence, control by that fickle means the
further inquiry, upon occasion, of performance vel non
of duty, under this statute, by the trial judge in respect
of his signing a bill.

The effect of such a condition might become relatively
more important and of greater consequence on a motion
to establish a bill, or in proceedings of the grave nature
possible in virtue of Code, § 3021; for in neither event
could the failure, as distinguished from a positive refus-
al, to sign even a true bill, become a basis for the estab-

lishment of the bill, or for the imputation of culpability in that failure by the judge, until it was first determined that the period within which he may sign, and thus perform his duty, has expired; and to determine this fact the date of *presentation* must be ascertained. The statute has prescribed, doubtless to avoid the possibilities and consequences indicated, the sole mode for the ascertainment of the fact of date of presentation. It has required not only the indorsement on the bill by the judge, but has also made that act, when done, a part of the bill. To admit extraneous evidence to show the omitted date of presentation, when the paper purports to bear the signature of the trial judge, would, according to the doctrine of our decisions before cited, effect to add to the bill, and is not permissible. On the reasoning indicated, it cannot be said that indorsement of the date of presentation is unimportant where the bill is signed within the *whole period* (180 days) counting from the entry of the judgment. But doubtless the effect of the omission to indorse *presentation* on the bill, where the bill is signed by the judge within the first 90 days, would be neutralized, since the efficacious signing by the judge, within the first 90 days, would affirmatively show presentation within that period.

The purported bill, in this instance, is without indorsement of presentation at any time. It was signed more than 90 days after the entry of the judgment. The affidavit of appellant's attorney cannot be considered to determine when, if so, *presentation* was made. Accordingly the motion to strike must prevail.

"Not guilty" is the only appropriate plea in ejectment; and under it any matter operating a bar to the action is admissible in evidence.—*Etowah Min. Co. v. Carlisle*, 127 Ala. 663, 29 South. 7, among others.

[Edinburgh-American Land Mortgage Co. v. Canterbury.]

No injury, to appellant, attended any of the rulings made on the pleadings. Indeed, brief of counsel for appellant, as we read it, so concedes.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.

## On Rehearing.

PER CURIAM.—On June 14, 1910, this cause was submitted on motion to strike the bill of exceptions, as before stated, and on the merits. A few days after November 10, 1910, several months after the indicated submission of the cause, the appellant forwarded to the court an affidavit of Judge Lackland, the presiding judge, wherein it was, in effect stated that the original bill of exceptions, filed in the circuit clerk's office, bore dates, seasonably indorsed by him, indicative of, if not showing, the due presentation of the bill by the appellant.

The transcript certified to this court by the circuit clerk contained no such dates or writings as the affidavit mentioned referred to. Hence the effect of the affidavit was to show that the transcript so certified to this court was *incorrect*. The affidavit cannot be now considered. Evidence cannot be taken after submission, unless the submission is set aside. Such has not been done nor prayed.

Without objection of any kind, appellant suffered the submission of the cause on the motion to strike the bill —a motion that, as appears, immediately involved and bore notice of the very matter to which the affidavit of Judge Lackland is addressed. Appellant should *then* have sought, in proper manner, the certification to this court of a correct transcript.

The rehearing must be denied.