# Edinburgh American Land Mortgage Company, Ltd. *v.* Canterbury, Administrator.

*Supersedeas.*

(Decided May 18, 1911. 55 South. 498.)

*Supersedeas; Scope of Remedy.*—The province of a writ of supersedeas is to prevent an abuse of the court's processes; hence, where a defendant has lost the fruits of his appeals through failure of the trial court to properly endorse its bill of exceptions, it may not have the execution authorizel by the judgment superseded, and require the other parties to try over the case, as this would amount to setting aside the judgment.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

[Edinburgh American Land Mortgage Company, Ltd. v. Canterbury, Administrator.]

Petition for writ of supersedeas by the Edinburgh American Land Mortgage Company, Limited, directed to I. I. Canterbury as administrator, to supersede an execution. From a judgment denying petition, the petitioner appeals. Affirmed.

HUGH NELSON, and C. K. ABRAMS, for appellant. The appeal is under section 2843, Code 1907. The petition should have been granted.—Sec. 3256, Code 1907; *Bank v. Coleman*, 20 Ala. 140; *State ex rel. Scott v. Waller, sheriff*, 133 Ala. 199; *Owens v. Child*, 58 Ala. 113. One judgment in ejectment is not final.—Sec. 3858, Code 1907. The reasons given by the judge for denying the petition are not sufficient.—4 Cyc. 101, note 8.

WILLIAM CUNINGHAME, for appellee. The purposes sought are not the purposes for which the writ of supersedeas was created.—*Thompson v. Lasster*, 86 Ala. 536, and cases cited; *Gravett v. Malone*, 54 Ala. 19, and cases cited; 143 Ala. 530; 4 Cyc. 1059.

DOWDELL, C. J.—The present appeal is prosecuted from an order of the circuit judge denying appellant's petition for a supersedeas. The petition shows that the appellee, Canterbury, as administrator, obtained a judgment in ejectment against the appellant in the circuit court of Marengo county, and that an appeal was taken to this court, and the judgment here affirmed.— 169 Ala. 444, 53 South. 823. The petitioner seeks to have the execution superseded, and to require the plaintiff (appellee here) to try over his case in the circuit court; and this upon the theory that petitioner lost the fruits of its appeal from the judgment in ejectment by reason of a failure of the trial judge to properly indorse its bill of exceptions in that case.

[Betts v. Ballentine.]

No authority is cited to sustain the view of the petitioner here as to the office of a writ of supersedeas, and we apprehend that none can be found. The circuit court, it is true, as a general rule, has the inherent power to control its process and to prevent an abuse of the same, and to this end the writ of supersedeas may be employed. But it is not shown that there has been any abuse of process in the present instance. The only process taken is in execution of the judgment obtained in ejectment, and such as the judgment authorized. The court certainly has no power, after adjournment, to set aside the judgment and require the plaintiff to try over his suit; and this seems to be the purpose of the petition.

The petition for supersedeas was properly denied, and the order appealed from will be affirmed.

Affirmed.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.