[Smith v. Smith, et al.]

# Smith *v.* Smith, *et al.*

## *Assumpsit.*

(Decided June 15, 1911. 53 South. 1009.)

1. *Bill of Exceptions; Presentation; Time; Motion to Strike.*—Where the bill of exceptions is not presented to the trial judge within ninety days, from the date of the judgment, a motion to strike such bill must prevail, under section 3019, Code 1907.

2. *Dismissal and Non-Suit; Agreement of Parties.*—Where an order was made on the agreement of the parties as recited in said agreement that the cause be dismissed if the plaintiff failed to give security for costs according to the agreement, the defendant was entitled to a dismissal of the cause upon an ascertainment by the court that there had been a non-compliance with the agreement.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Alfred Smith against C. D. Smith and others. From a judgment dismissing the cause plaintiff appeals. Affirmed.

LONDON & FITTS, for appellant. The court erred in making the order of dismissal of Oct. 9th, and also in overruling appellant's motion to set aside and vacate such order.—Section 3687, Code 1907; *First Nat. Bank v. Cheney,* 120 Ala. 122; *Whittaker v. Sanford,* 13 Ala. 522; 1 Brickell's Dig. secs. 103-4; *Reese v. Billing,* 9 Ala. 263; *A. & T. R. R. Co. v. Harris,* 25 Ala. 232. Notice should have been given to appellant or counsel before the order of dismissal was entered.—*Stephenson v. Brunson,* 83 Ala. 455; *Duggan v. Taylor,* 60 Ala. 544; *Lide v. Park,* 132 Ala. 222; 14 Enc. P. & P. 122.

EDMUND H. DRYER, for appellee. The bill of exceptions should be stricken because not presented within ninety days after judgment.—Sections 3019, and 3020,

Code 1907. The court properly granted the order dismissing the cause.—Sec. 3687, Code 1907; *Ex parte Jones,* 83 Ala. 587; *Patillo v. Taylor,* 83 Ala. 230 ;*Rogers v. Prattville M. Co.* 81 Ala. 483; *Adler v. VanKirk L. Co.* 114 Ala. 560. The motion to vacate the order of dismissal was entered more than thirty days after the granting of the order, and hence was barred so far as the jurisdiction to entertain it was concerned.—*Ex parte Smith,* 52 South. 895, and cases cited.

McCLELLAN, J.—This appeal is from a judgment dismissing this cause for failure of the plaintiff (a nonresident) to comply with an order of the court requiring him to give security for costs, and adjudging that defendants have and recover of the plaintiff their costs in that behalf expended.

This judgment was rendered October 9, 1909. The bill of exceptions was *presented* to the trial judge on June 21, 1910, more than 90 days after the entry of the judgment to revise which this appeal is taken. The appellees move this court to strike the bill, because not *presented* within 90 days after the judgment was entered. According to the express provisions of the statute (Code 1907, § 3019), the motion must prevail.— *Smith v. State,* 166 Ala. 24, 52 South. 396; *King v. Hill & Shaffer Co.,* 163 Ala. 422, 51 South. 15; *Edinburgh American Land Mort. Co. v. Canterbury,* 169. Ala. 444, 53 South. 823.

On June 9, 1909, defendants moved that the plaintiff, a nonresident, be required to give security for costs "within such reasonable time as the court may prescribe, or, in default of the giving of such security within the time so prescribed by the court, that this suit be dismissed." The court records show this subsequent order or judgment: "On this the 12th day of June, 1909, come

[Smith v. Smith, et al.]

the parties by their attorneys and agree that this motion be granted and that plaintiff be allowed ninety (90) days within which to give security for costs and move for an order accordingly, whereupon it is ordered and adjudged by the court that this motion be and the same is hereby in all things granted and the plaintiff is allowed ninety days within which to give security for costs and in default of same this cause to be dismissed."

The judgment appealed from was entered October 9, 1909, more than 90 days after the just quoted order or judgment was entered. It reads: "On this the 9th day of October, 1909, come the defendants by their attorneys and show to the court that the plaintiff herein has not complied with the order of this court of June 12, 1909, requiring the said plaintiff to give security for costs in this cause, and move the court for an order dismissing this cause from this court, whereupon it is ordered and adjudged by the court that this cause be and it is hereby dismissed from this court, and that the defendants go hence without day, and have and recover of the plaintiff their costs in this behalf expended, for which let execution issue."

The order or judgment of October 9, 1909, but effected the agreement, the recital of which appears in the minute entry of June 12, 1909, in connection with the motion to which it related. The only condition to the dismissal was that the costs should be secured within 90 days. The court, on October 9, 1909, ascertained that the condition had not been met by the plaintiff. Hence the dismissal was the defendants' due under the agreement. Accordingly, the judgment appealed from (that of October 9, 1909) is affirmed.

Affirmed.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.