# Leeth *v.* Kornman, Sawyer & Co,

## *Trial Right of Property.*

(Decided Nov. 30, 1911, Rehearing denied Dec. 14, 1911.
56 South. 757.)

1. *Bill of Exception; Preparation; Statutes.*—Section 3019 Code 1907 is mandatory, and in order to impart force to a bill of exception and to entitle it to consideration on appeal, a strict compliance with the statute is required.

2. *Same; Presentation; Time; Contradiction by Parol.*—Parol evidence is admissible to show that a bill of exceptions was not presented to the judge trying the case within 90 days after judgment, as required by section 3019 Code 1907, although the judge endorsed thereon a date within 90 days from the judgment, so as to show that the bill was not entitled to consideration on the appeal.

Appeal from Culman Circuit Court.

Heard before Hon. D. W. Speake.

Trial of the right of property between G. S. Leeth and Kornman, Sawyer & Co. Judgment for plaintiffs and claimant appeals. Submitted on motion to dismiss

the appeal and to strike the bill of exceptions. Motion·
to dismiss denied, bill of exceptions stricken and judg-
ment affirmed.

F. E. St. John, for appellant. The motion to strike
the bill of exceptions should be denied, as it has been
many times decided that extrinsic evidence is not per-
missible to show compliance with the statute, or failure
to comply therewith as respects signing a bill of excep-
tion.—*Morris v. Brannon,* 103 Ala. 602; *Chapman v.
Holder,* 54 Ala. 61; *Maddox v. Browdes,* 42 Ala. 436;
*India Rubber Co. v. Mitchell,* 34 Ala. 314; *Stearn v.
Lehman,* 2 South. 708. Parol evidence cannot vary the
record.—*Edinburg L. M. Co. v. Canterbury,* 53 South.
823. The motion to dismiss the appeal comes too late.
—*Martin v. Miller,* 132 Ala. 629; *Street v. Street,* 113
Ala. 333; Rule 41. Counsel discuss the merits of the
appeal but it is not deemed necessary to here set it out.

J. B. Brown, for appellee. Parol evidence is admis-
sible to show that the bill of exception was not present-
ed and signed as required by the statutes (Section 3019,
Code 1907), and hence did not become a part of the rec-
ord.—*Edinburg L. M. Co. v. Canterbury,* 169 Ala. 444;
*King v. Hill,* 163 Ala. 423; *Smith v. The State,* 166 Ala.
26; *Rainey v. Ridgeway,* 151 Ala. 532; *Wiley v. The
State,* 117 Ala. 158; *L. & N. R. R. Co. v. Malone,* 116
Ala. 600. To make it a part of the record on appeal, the
bill of exceptions must be presented within 90 days af-
ter judgment, and must be signed by the presiding judge
within 90 days thereafter. After the expiration of that
time it is not within the competency of the parties by
agreement, nor within the power of the judge by en-
dorsing on the bill any other than the true date of pre-
sentation to abrogate or change the terms of the statute.

—*Montgomery Traction Co. v. Bozeman,* 152 Ala. 146;
*Lawrence v. Bell,* 132 Ala. 308; *Cooley v. U. S. Co.,* 132
Ala. 590; *Tisdale v. A. G. L. Co.,* 131 Ala. 456, and authority supra. Counsel discuss the merits of appeal but
did not deem it necessary to set it out.

PELHAM, J.—This case is submitted on a motion to
dismiss the appeal, a motion to strike the bill of exceptions, on objections to the evidence in support of the
motion to strike and on the merits.    The motion to dismiss the appeal is not insisted on by appellee in his
brief, and will not be considered.

The ground set up by motion for striking the bill of
exceptions is that the bill is not properly a part of the
record, for that it was not presented to the judge who
presided at the trial within 90 days from the day on
which the judgment was entered, as required by statute.    The judgment was entered, as appears by the record, on the 18th day of December, 1909, and the bill of
exceptions set out in the record shows by the endorsement of the judge that it was presented on March 15,
1910, within the time provided by statute (Code, §3019);
but the appellee sets out in his motion that the bill of
exceptions was not in fact presented to the judge until
the 4th day of June, 1910, after the expiration of the
90 days allowed by statute for presenting a bill of exceptions.    Proof of these facts is made by parol evidence
or evidence extraneous from the record without contradiction.

Section 3019 of the Code of 1907 provides: "Bills of
exception may be presented at any time within ninety
days from the day on which the judgment is entered,
and not afterwards."    And    further    provides: "The
judge must indorse thereon and as a part of the bill, the
true date of presenting."    The proof offered in support

of the motion shows the bill of exceptions was not pre-
pared until more than 90 days after the judgment in
the case was entered on the 18th day of December, 1909,
and was not presented to the judge until the 4th day of
June, 1910, and that the indorsement purporting to show
a presentation to the judge on the 15th day of March,
1910, was in fact indorsed on the bill on the 4th day of
June, 1910, at which time it was first presented to the
judge. The proof is without conflict, and conclusive
that the bill of exceptions was not presented at any time
within 90 days from the day on which the judgment was
entered, and that the judge did not indorse on the bill
as a part thereof the true date on which the bill was
presented to him.

An unbroken line of cases from the Supreme Court
since the declaration to that effect in *Kitchen v. Moye,*
17 Ala. 394, hold that a strict compliance with the stat-
utes relating to presenting and signing bills of excep-
tion is essential to give validity to the bill, and that,
where there has been a failure to comply, the bill is not
a record, and must be stricken from the transcript in the
appellate court on motion.—*Edinburgh-American L. M.
Co. v. Canterbury,* 169 Ala. 444, 53 South. 823; *Baker
v. Central of Ga. Ry. Co.,* 165 Ala. 466, 51 South. 796;
*King v. Hill & Shafer,* 163 Ala. 422, 51 South. 15; *Rain-
ey v. Ridgeway,* 151 Ala. 532, 43 South. 843; *An. Elec.
and Gas Co. v. Cooper,* 136 Ala. 418, 34 South. 931; *L.
& N. R. R. Co. v. Malone,* 116 Ala. 600, 22 South. 897;
and authorities cited in note to section 3019 of the Code
of 1907.

The appellant contends that, when the bill as set out
in the record shows by the date marked or indorsed on
it and signed by the judge that it was presented within
the 90 days as provided by statute, parol or extraneous
evidence is not admissible to contradict the date so in-

dorsed for the purpose of showing the true date of presentation. The cases cited by appellant in support of his contention go no further on this proposition than to hold that a record on appeal must be complete within itself, and that parol evidence can not be resorted to in support of or to add to a record incomplete on its face, and, when a bill as contained in the record fails to show affirmatively on its face that it was presented or signed within the time to make it a valid bill, parol evidence cannot be heard to validate it. To attack that which affirmatively on its face purports to be a valid part of the record on the ground that in fact it is not a valid record is a different proposition. The former is an attempt to validate a record affirmatively shown on its face to be invalid, by adding something to it by parol, which the Supreme Court holds cannot be done. *Chapman v. Holding,* 54 Ala. 61; *Maddox v. Broyles,* 42 Ala. 602, 15 South. 865; *Edinburgh Land Mfg. Co. v. Canterbury,* 169 Ala. 444, 53 South. 823. The latter proposition carries with it an attack that goes to the existence of the record as a matter of fact, a denial of the real entity of the bill, an offer to prove that the purported record is in fact not a record, and this the Supreme Court holds may be done by parol proof, or extraneous evidence.—*L. & N. R. R. Co. v. Malone,* 116 Ala. 600, 22 South. 897; *Rainey v. Ridgeway,* 151 Ala. 532, 43 South. 843. Only when properly signed do bills of exception become part of the record in the appellate court, and this court, on proper motion, will inquire whether a bill of exceptions has been signed within the time prescribed by law so as to make it a part of the record.— *Ex parte Walker,* 149 Ala. 637, 640, 43 South. 130.

In discussing the question of the admissibility of parol evidence to show that a bill incorporated in the record was not in fact signed at a time when the judge had the

authority or power to act, although on its face it purports to have been properly signed, the court in *L. & N. R. R. Co. v. Malone, supra,* says: "It would seem to be wholly useless to declare that, after a bill has been signed, a judge has no power to alter or modify it, and yet hold that a party is concluded from proving the alteration; or in holding that a judge has no authority to sign a bill of exceptions after a certain date, and yet hold that any date he may give to the bill of exceptions is conclusive of its truth. The rule which declares that parol evidence is inadmissible to vary or contradict a record does not prohibit the introduction of such evidence when the purpose is to show that a paper writing or instrument which purports to be a record is in fact not a record."

In passing on this same question of the admissibility of parol evidence to show that a bill of exceptions incorporated in the transcript was not properly signed so as to make it a valid bill, the Supreme Court in the case of *Rainey v. Ridgeway et al,, supra,* uses this language: "The first contention of the appellant is that this evidence is incompetent, for the reason that it is an attempt to contradict the record, which can never be done by parol evidence. This contention is without merit. The question is not one of an attempt to contradict the record, but it goes to the denial of the existence of a record. In the absence of a compliance with the requirements of the statutes as to the signing or establishment of a bill of exceptions, a mere incorporation of such bill in the transcript does not constitute it a record."

The statute (Code, § 3019) requiring a bill of exceptions to be presented within 90 days after judgment is entered, and not afterwards, not having been complied with in this case, the motion to strike the bill from the

record must prevail, and, the record then containing nothing on which to rest a reversal, as all assignments of error depend on matters contained in the paper purporting to be a bil, which is stricken, the judgment of the court below must be affirmed.

Affirmed.

