(77 South. 937)

SCOTT v. STATE. (1 Div. 264.)

(Court of Appeals of Alabama. Feb. 5, 1918. Rehearing Denied Feb. 26, 1918.)

1. CRIMINAL LAW ⬯1092(8)—APPEAL—BILL OF EXCEPTIONS—DELAY IN FILING.

Under Gen. Acts 1915, p. 816, providing that appellant's bill of exceptions, may in the absence of the trial judge from the county, be filed with the clerk within 90 days from entry of judgment, a bill, so filed after 91 days had expired since such entry, will be stricken.

2. CRIMINAL LAW ⬯1094 — APPEAL — DISMISSAL—AFFIRMANCE.

Where bill of exceptions in a criminal case has been stricken because not presented within the time required by law and no reversible error appears in the record proper, a judgment of conviction will be affirmed.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Eddie Scott was convicted of assault with a weapon, and he appeals. Affirmed.

Granade & Granade, of Chatom, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was convicted by a jury of the offense of assault with a weapon, and from the judgment of conviction he appeals.

[1] On submission in this court, motion is made by the Attorney General to strike the bill of exceptions, "for that the said bill of exceptions was not presented to the trial judge within the time required by law." The record shows that the defendant was tried, convicted, and sentenced on October 23, 1916. The bill of exceptions was filed with the trial judge on January 26, 1917, or 96 days after the entry of the judgment. It appears that the trial judge was absent from the county, and for this reason the defendant filed his bill of exceptions with the clerk on January 22, 1917. General Acts 1915, p. 816, provide that in the event the trial judge is absent from the county in which the cause is tried and unable to accept presentation

---

of the bill, the defendant may file his bill of exceptions with the clerk, provided he does so within 90 days from the date of the entry of the judgment in the cause. The judgment in this case having been entered on the 23d day of October, 1916, and the bill of exceptions being filed with the clerk on January 22, 1917, and with the trial judge on January 26, 1917, it appears that by excluding the first day and including the last, as the law required, 91 days had expired before the bill was filed with the clerk and 96 days before it was presented to the trial judge. The motion to strike the bill of exceptions upon the grounds stated must therefore be granted, and the bill of exceptions is stricken.

[2] No error of a reversible nature appears in the record proper, and the judgment of the lower court is affirmed.

Affirmed.