(77 South. 939)
### THACKER v. CITY OF SELMA. (2 Div. 170.)
(Court of Appeals of Alabama. Feb. 5, 1918. Rehearing Denied Feb. 26, 1918.)

EXCEPTIONS, BILL OF ☞32(3)—SETTLEMENT—POWER OF JUDGE.

Bill of exceptions not settled by the trial judge because of expiration of his term, cannot be settled by another trial judge, but only by a justice of the Supreme Court, as provided by Code 1907, § 3022, as amended by Acts 1915, p. 816.

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

Action between W. R. Thacker and the City of Selma. From an adverse judgment, Thacker appeals. Affirmed.

William H. Cook and William A. Jacobs, both of Birmingham, for appellant. Leo Leva, of Selma, for appellee.

BROWN, P. J. It appears from the record in this case that Hon. Joseph B. Evans, judge of the city court of Selma, presided at the trial of this case, and there is nothing in the record to show that what is incorporated therein as a bill of exceptions was ever presented to the trial judge. On the contrary, it appears that the paper was presented to Hon. B. M. Miller, judge of the circuit court of Dallas county, who made the following notation thereon:

"Judge Evans, the presiding judge, writes me this bill of exceptions is correct, so I sign it on date stated above."

Then follows the official signature of Judge B. M. Miller.

It is well settled that a bill of exceptions derives its existence from the statute, and it cannot become such unless it is duly authenticated and made a part of the record as prescribed by the statute. Petty v. Dill, 53 Ala. 641; Edinburgh L. & M. Co. v. Canterbury, 169 Ala. 444, 53 South. 823; King v. Hill, 163 Ala. 423, 51 South. 15; Smith v. State, 166

Ala. 26, 52 South. 396; Rainey v. Ridgeway, 151 Ala. 532, 43 South. 843; Leeth v. Kornman, Sawyer & Co., 2 Ala. App. 311, 56 South. 757.

Judge Evans' term of office expired by operation of law on the first Monday after the second Tuesday in January, 1917 (Acts 1915, p. 279), and after that date he had no authority to approve and sign a bill of exceptions, and could not confer such authority on the circuit judge. Appellant's remedy was to proceed under the provisions of section 3022 of the Code as amended by the Acts of 1915, p. 816.

The paper incorporated in the transcript as a bill of exceptions will be stricken, and the judgment appealed from affirmed.

Affirmed.