(89 South. 291)

**NATIONAL PYRITES & COPPER CO. v. WILLIAMS. (6 Div. 11.)**

(Supreme Court of Alabama. Jan. 13, 1921. Rehearing Denied April 14, 1921.)

**1. Appeal and error ☜536—Bill of exceptions, to become such, must be duly authenticated and made a part of the record.**

A bill of exceptions derives its existence from the statute, and cannot become such unless· it is duly authenticated and made a part of the record, as prescribed by the statute.

**2. Appeal and error ☜537—Bill of exceptions, to be part of record, must be filed in time.**

The presentation to the trial judge of a proposed bill of exceptions, or the filing thereof with the clerk within 90 days after the judgment or order sought to be reviewed, is essential to the jurisdiction of a justice of this court to establish such bill and make it a part of the record, under Code 1907, § 3022, as amended by Acts 1915, p. 816, and, where not presented or filed within such time, the purported bill incorporated in the record cannot be looked to for review of rulings on the trial or motion for new trial.

3. Exceptions, bill of ☞55(1)—Right to establish bill of exceptions after trial judge's refusal to sign resides in Supreme Court, and not a justice thereof.

Where a bill of exceptions is presented to the trial judge within the statutory time, and he refuses to sign it, the jurisdiction and authority to establish the bill of exceptions, under Code 1907, § 3019, resides in the Supreme Court, and not in a justice thereof.

4. Exceptions, bill of ☞6—Bill of exceptions held insufficient for failure to show that proceedings of the trial were heard before different judge ruling on motion for new trial.

A bill of exceptions, even if it had been duly authenticated, is insufficient where it fails to show that the evidence and proceedings of the court on the trial were in any way heard before the court presided over by the different judge, passing on the motion for new trial.

On Rehearing.

5. Exceptions, bill of ☞6—Where trial judge dies, and successor rules on motion for new trial, the substance of the trial evidence should be introduced, and the bill of exceptions should so show.

Usually, on motion for new trial, it is unnecessary to introduce the substance of the evidence or for the bill of exceptions to recite that such was done, "the presumption being that it is in the breast of the court," but where the motion is heard by a judge succeeding the deceased judge who tried the case, the substance of the trial evidence should be introduced, and the bill of exceptions should recite, in substance, the evidence, and affirmatively show that it was introduced before the judge ruling on the motion.

6. Appeal and error ☞539—Record cannot be changed by agreement of parties.

Errors of appellants in preparing case for this court cannot be cured by agreements of parties afterwards made, and the record cannot be changed on collateral attack, and a written agreement filed by the parties as to what was before the trial court, whether introduced in evidence or not, one contending it was, and the other that it was not, cannot be written in the record.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by J. E. Williams against the National Pyrites & Copper Company, for damages for personal injury. Judgment for the plaintiff. Application for new trial was made, and, pending its hearing, the judge who presided at the original trial died, and the motion was heard by his successor in office, and denied, and the defendant appeals. Affirmed.

The following agreement was filed in this case by the attorneys representing the appellee and the appellant:

It is agreed by and between the parties to this cause that, after the trial of the above cause in the circuit court of Jefferson county, Ala., and after the filing and continuing of the motion for a new trial therein, Judge H. A. Sharpe died, and was succeeded in office by Judge Horace C. Wilkinson, who was duly appointed to fill the place made vacant by Judge Sharpe's death; that Judge Wilkinson regularly continued the motion for a new trial to October 21, 1919, at which time the motion for a new trial was fully argued before Judge Wilkinson by counsel on both sides; that counsel for movant (appellant here) submitted a written brief in support of said motion; that the full and complete stenographic transcript of the evidence heard on the trial of the case was submitted to Judge Wilkinson for his reading and consideration; that Judge Wilkinson took the case under advisement to permit his studying the case, and on the 22d day of October, 1919, after having so read and considered the record, he entered his order overruling said motion as shown by the record.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

Counsel discuss the case on its merits as presented by the errors assigned as of the original trial. On the other questions they insist that the succeeding judge had the right to hear the motion for a new trial and to act thereon. 23 Cyc. 541–567; 29 Cyc. 923; 29 Cent. Dig. 1672; 37 Cent. Dig. 1197. It is unnecessary that the evidence heard at the original trial should be reintroduced. 9 Ala. App. 152, 62 South. 560; 150 Ala. 562, 43 South. 840. In this case the bill will be established. Sections 3021, 3022, Code 1907, as amended Acts 1915, p. 816. The agreement of counsel dispenses with further formality. 16 Ala. App. 687, 81 South. 135.

Goodwyn & Ross, of Bessemer, and Black & Harris, of Birmingham, for appellee.

When once established, the bill of exceptions cannot be amended. 74 Ala. 61; 73 Ala. 256. This cannot be done, even by agreement of parties. 173 Ala. 559, 56 South. 120; 116 Ala. 603, 22 South. 897; 4 C. J. 315. Counsel discuss the appeal on its merits also.

BROWN, J. [1] It is the settled law in this state that a bill of exceptions derives its existence from the statute, and it cannot become such unless it is duly authenticated, and made a part of the record, as prescribed by the statute. Petty v. Dill, 53 Ala. 641; Edinburgh Co. v. Canterbury, 169 Ala. 444, 53 South. 823; King v. Hill, 163 Ala. 423, 51 South. 15; Smith v. State, 166 Ala. 24, 52 South. 396; Rainey v. Ridgeway, 151 Ala. 532, 43 South. 843; Leeth v. Sawyer, 2 Ala. App. 311, 56 South. 757; Thacker v. City of Selma, 16 Ala. App. 345, 77 South. 939.

[2] The presentation of a proposed bill of exceptions to the trial judge, or the filing thereof with the clerk, within 90 days from

the rendition of the judgment or order sought to be reviewed, is a fact essential to the authority and jurisdiction of a justice of this court to establish such bill of exceptions and make it a part of the record, under the provisions of section 3022 of the Code of 1907, as amended by the act approved September 25, 1915 (Gen. Acts 1915, p. 816). Munson Steamship Co. v. Harrison, 200 Ala. 504, 76 South. 446; Sovereign Camp, W. O. W., v. Ward, 200 Ala. 19, 75 South. 331; Scott v. State, 16 Ala. App. 343, 77 South. 937.

The judgment in this case was rendered on June 24, 1919, and the proposed bill of exceptions does not appear to have been presented to the Honorable H. A. Sharpe, who presided on the trial, and was not filed with the clerk of the court until November 24, 1919, more than 90 days after the rendition of the judgment. Therefore, the paper incorporated in the record as a bill of exceptions cannot be looked to for the purpose of reviewing the ruling of the court presided over by Judge Sharpe on the trial. It is equally as clear that it cannot be looked to for the purpose of reviewing the ruling made by Judge Wilkinson on the motion for a new trial.

[3] Where a bill of exceptions is presented to the trial judge within the time required by the statute, and he refuses to sign it, the jurisdiction and authority to establish the bill of exceptions under the provisions of section 3019 of the Code of 1907 resides in the Supreme Court, and not the justice thereof. Sovereign Camp, W. O. W., v. Ward, supra.

[4] Moreover, had the bill of exceptions been duly authenticated, it fails to show that the evidence and proceedings of the court on the trial was in any way heard before the court presided over by Judge Wilkinson, in passing on the motion for new trial, and for aught that appears the only matter before the court was the motion itself.

Nothing being presented by the record proper for review, the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

On Rehearing.

MILLER, J. [5] The appellant, in preparing this bill of exceptions, did, and naturally so, follow the beaten path blazed out by this court in Moneagle v. Livingston, 150 Ala. 562, 43 South. 840, in which it makes, in substance, this rule on appeals from judgments granting or refusing motion for new trial: On motion for new trial, it is not necessary to introduce on the hearing the substance of the evidence in the case, nor is it necessary for the bill of exceptions to recite that it was done, "the presumption being that it is in the breast of the court."

Judge Sharpe tried this case; afterwards he died, while this motion for new trial was pending. Judge Wilkinson was appointed to succeed him, heard this motion, and rendered judgment thereon. The record fails to show that any evidence was introduced. So it becomes necessary for this court, under these facts, to blaze out another path, or make an addition to the rule for appellants to follow.

The court is necessarily a person. When the judge who tried the case is dead, and his successor, or another judge, hears the motion for new trial, the substance of the evidence on the trial should be introduced. On appeal from his decision, under these peculiar circumstances, the bill of exceptions should recite, in substance, the evidence in the case, and affirmatively show that it was introduced to the new judge (the court) on the hearing of the motion for the new trial. . [6] It fails to do so in this case. These peculiar, and sometimes almost necessary, errors of appellants in preparing cases for this court cannot be cured by agreements of parties afterwards made. This court cannot allow the record to be changed on collateral attack. The written agreement recently filed by the parties in this court as to what was before the court below, whether introduced in evidence or not—one contending it was and the other it was not—cannot be written in the record. Terrell v. Kimbrell, 88 South. 846;[1] Pearce v. Clements, 73 Ala. 256; Fonville v. State, 91 Ala. 39, 8 South. 688; Chapman v. Holding, 54 Ala. 61.

Motion for rehearing overruled.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.